### Tobin vs. Tobin and others.

45    298
114    431

PARTITION.    *(1, 2) Practice as to dismissing or staying partition suits, when plaintiff's legal title put in issue.    (3) Trial of title in partition suit, under statute.*

1. A suit for partition, wherein an issue is made as to plaintiff's legal title, will generally be dismissed, or proceedings therein stayed, until that issue is determined at law, when it appears, by either pleadings or proofs,

that the plaintiff is in a position to bring ejectment. *Deery v. McClintock*, 31 Wis., 196, and *Hardy v. Mills*, 35 id., 142.

2. But where plaintiff claimed in his complaint to be *in possession* as a tenant in common with defendants, and one defendant denied both the title *and the possession* of plaintiff, claiming absolute title in himself and certain other defendants by tax deeds, while still other defendants alleged that such tax deeds were held by their codefendants in trust for all parties to the suit, it was error to dismiss the suit (that plaintiff's title might first be established at law) before proof made as to the fact of possession.

3. Under sec. 16, ch. 142, R. S. 1858, the issue between the defendants claiming sole title under the tax deeds, and their codefendants, may be tried *in the partition suit;* and for this reason, also, that suit should not have been dismissed.

APPEAL from the County Court of *Marathon* County.

The case is thus stated by Mr. Justice COLE:

"This is in an action for partition of certain real estate which originally belonged to Edmund Tobin, deceased. The complaint states that Edmund died intestate, unmarried and without issue, in October, 1863, leaving him surviving his mother, Mary Tobin, a sister Betsy, brothers John, James, Michael and the plaintiff, and three nephews, children of his brother Timothy, who died in 1861. The mother, Mary Tobin, died in 1871, intestate, seized of one-seventh part of the land, which descended to her heirs-at-law. John Tobin, brother of Edmund, died in May, 1867, leaving him surviving the defendant *Mary*, his widow, and three children, *John J., Timothy* and *Elizabeth*, who are defendants. The three minor children of Timothy, brother of Edmund, are likewise made parties defendant. The plaintiff claims to have acquired the interest of his sister Betsy, the interest of his brothers James and Michael, and the dower right of his sister-in-law Bridget, widow of Timothy, in the premises. Consequently he claims to be the absolute owner of an undivided two-thirds as well as of the dower right of Bridget in the premises. He further claims to be in the actual possession as tenant in common with the other defendants. The defendant *John J. Tobin* has put in an answer setting up that his father, John Tobin,

obtained two tax deeds on the land: one in April, 1863, and one in March, 1866, and that he went into possession of the land under these deeds, and continued to occupy and control it until his death in May, 1867. And he denies that the plaintiff ever was, or now is, in possession of said tract sought to be partitioned, or any part thereof, either as tenant in common or otherwise, except by verbal permission of, and as tenant of, his father and himself. The infant heirs, in effect, set up and claim in their answer, that if John Tobin obtained tax deeds upon the premises as alleged in the complaint and in the answer of *John J. Tobin*, these deeds were taken by said John Tobin without right so to do, and in fraud of his duty in that behalf; that it was the duty of John Tobin, at the time of the taking of the first tax deed, to have paid the taxes upon the land as tenant; and that any title which he acquired by that deed, inured to the benefit of Edmund Tobin; further, that any title which he acquired by the second tax deed, inured to the benefit of the heirs-at-law of Edmund Tobin, deceased, as tenants in common with the grantee in such deeds, who held the title merely as trustee for the parties interested therein. This is a sufficient statement of the pleadings to render the views of the court on this appeal intelligible.

"The defendant *John J. Tobin* obtained an order, founded on the records and papers on file, for the plaintiff to show cause why the action should not be dismissed. Upon the hearing of that order, the county court dismissed the action, but without prejudice to the plaintiff's right to commence a new action for partition when his title had been established by an action at law."

From the order of dismissal, plaintiff appealed.

*John J. Orton*, for the appellant.

For the respondent, there was a brief by *Dixon & Noyes*, and oral argument by *Geo. H. Noyes*.

COLE, J. The correctness of the order dismissing the suit is the only question to be considered. In vindication of the

order, it is said that it plainly appeared, from the facts stated in the complaint and the answer of *John J. Tobin*, that the legal title was in dispute. And it is said that it is the settled rule that a court of equity will not interfere to make a partition under such circumstances, but will require the title to be first established by an action at law. That is the general rule, undoubtedly, and was acted upon by this court in *Deery v. Mc-Clintock*, 31 Wis., 196, and *Hardy v. Mills*, 35 id., 142. But in both those cases, it will be noticed, there was a trial; proofs were taken; the state of the title was inquired into; and the court was able to say from the evidence, not only that the title was in dispute, but that the plaintiff had an adequate remedy at law to settle the question of title; in other words, that his position was such that he might bring ejectment. But in this case there has been no such investigation as to the condition of the title, or as to who might maintain an action at law. Actual possession of the premises is claimed by both the plaintiff and the defendant *John J. Tobin*. It does not appear who has the exclusive possession, if any one. If the plaintiff is in the actual possession with his cotenants, it is certain that he cannot maintain an action of ejectment to settle any controversy about the title. Possibly, if he should bring such an action against *John J. Tobin* alone, the denial in the latter's answer of all right, title and interest in the plaintiff, might be treated as equivalent to a confession of ouster, and estop him from asserting that the tenancy in common had not been denied or destroyed by him. But he is not the only party defendant. The other defendants herein might answer to an action at law brought by the plaintiff, that their possession was not exclusive or hostile to his rights. So it is impossible for the court to say, at this stage of the cause, who can maintain an action at law to settle the question of title. Did the fact clearly appear, either from the pleadings or after trial, that the plaintiff might bring an action to settle the controversy about the title, and were there no other parties interested therein, it would be in the discretion of the county court either to dismiss this suit or stay proceedings herein

until the plaintiff had brought such an action. But until that fact is made clearly to appear, even as between the plaintiff and *John J. Tobin* it seems to us the partition suit should not be dismissed. Why, if the plaintiff is in the actual possession of an undivided two-thirds of the premises, as he alleges in his complaint, should he be summarily turned out of court when asking a partition? Or why should the court attach any more weight to the allegations of the answer of *John J. Tobin* than to the statements in the complaint, in determining the question as to who should bring an action at law to settle the title.

But this is not all. There is still a further consideration which demonstrates to our minds that the dismissal of this suit was erroneous. The infant heirs have in their answer assailed the validity of the tax deeds which are the foundation of *John J. Tobin's* rights. It is true, they have not denied the tenancy in common of either the plaintiff or *John J. Tobin;* but they do distinctly deny all right, title and interest of said *John J. Tobin* of, in or to the land or any part thereof, through or under the tax deeds or either of them. They insist that whatever interest he took or acquired through or under the tax deeds, he holds in the character of a trustee. Now we think this is such a controversy between the codefendants in respect to the title, as may be determined in this suit, under sec. 16, ch. 142, R. S. 1858. That provision is: "Any defendant may deny the joint tenancy or tenancy in common of any codefendant, and any issue of fact may be tried by a jury as in other cases." Under this section, it seems to us, the court would be warranted in trying in this suit the issue raised by the answer of the infant heirs, and in determining whether the interest which John Tobin and the defendant *John J. Tobin* acquired under the tax deeds was in the nature of a trust estate, which inured to their benefit by reason of any fraud or violation of duty on the part of John Tobin in obtaining them.

It follows from these views that the order of the county court dismissing the action was erroneous and must be re

versed, and the cause remanded for further proceedings according to law.

*By the Court.* — So ordered.

RYAN, C. J., took no part.