STEPHEN S. McCOY *vs.* JESSIE C JOHNSON, GREEN-
LEAF JOHNSON, and others.

*Jurisdiction in Equity—Construction of Act of 1888, ch.
478, (Poe's Code, Art. 16, sec. 26,) relating to Declaratory
decrees—Right to Trial by Jury.*

The Act of 1888, ch. 478, (Art. 16, sec. 26, of the Code of 1888,)
provides "that any person entitled to any legal character, or to
any right as to any property, may institute a suit against any
person denying, or interested to deny, his title to such legal
character or right; and the Court may, in its discretion, make
therein a declaration that he is entitled, without any further or
other relief being asked or given." On a bill in equity to obtain
title to a strip of land claimed by the plaintiff to have been ac-
quired by adverse possession, as against the defendants holding the
paper title, it was HELD:

1st. That a Court of equity had no jurisdiction in the premises.

2nd. That the Legislature had no power to confer on Courts of equity
the jurisdiction to determine legal rights, in regard to which Courts
of law exercise exclusive jurisdiction.

3rd. That the constitutional right to a trial by jury in such cases, is
a right which the Legislature cannot abridge or take away.

4th. That the jurisdiction conferred by the Act of 1888, ch. 478, can
only be exercised in regard to such matters as are properly cog-
nizable by a Court of equity.

5th. That the question whether the plaintiff had title to the strip of
land by adverse possession, was one for the determination of a
Court of law.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court. By
agreement the Court below (WRIGHT, J.,) passed a *pro
forma* decree dismissing the bill. The plaintiff ap-
pealed.

McCoy *vs.* Johnson, *et al.*

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and MCSHERRY, J.

*George Whitelock,* for the appellant.

*Benjamin Kurtz,* for the appellees.

*Robert H. Smith,* filed a brief on behalf of the appellee, Thomas E. Gill.

ROBINSON, J., delivered the opinion of the Court.

This bill it seems to us, is rather a novel proceeding. The plaintiff's father was the owner of a leasehold interest in a lot of ground fronting seventeen feet seven inches on Eden street; and in 1837, he built thereon a brick dwelling-house which covered the entire front of his lot, and extended upon and covered two feet five and a half inches of the front of an adjoining lot, belonging to the defendants. There were no landmarks or boundary stones, or other insignia indicating the division line between the two lots; but the paper titles of both the plaintiff and defendants called for the corner of Fayette and Eden streets, and the true location of said lots was at all times susceptible of ascertainment by actual measurement and survey from said corner.

The plaintiff's father it is admitted, took possession of the dwelling house in 1837, and occupied it continually till his death in 1873, from which time it has been in the exclusive possession of the plaintiff. It is further admitted that neither the plaintiff nor the defendants, nor the parties under whom they claim, had any knowledge of the fact that the dwelling house covered any part of the defendants' lot, till within a few months before this bill was filed.

Upon these facts the plaintiff asks a Court of equity to decree that the defendants have no title to the *two*

*feet five and a half inches of land covered by the plaintiff's house,* the paper *title* to which is admitted to be in the defendants. In other words, it is a bill in equity by the plaintiff, to obtain title to a strip of land claimed to have been acquired by *adversary possession,* as against the defendants holding the paper title. The bare statement of the plaintiff's case is in itself sufficient to show that a Court of equity has no jurisdiction in the premises. To justify its interference on the ground, that the defendants' claim of title is a cloud upon the plaintiff's title, the latter must show he has title to the property. "Those only," say the Supreme Court, "who have a clear, legal, and equitable title to land connected with possession, have any right to claim the interference of a Court of equity to give them peace or dissipate a cloud on the title." *Orton vs. Smith,* 18 *How.,* 265; *Polk vs. Pendleton,* 31 *Md.,* 118. Now the plaintiff admits the paper title to be in the defendants, and whether he has title by adversary possession, is a question to be determined in an action at law. But then it is said, the plaintiff is entitled to the relief prayed under the provisions of the Act of 1888, ch. 478, (*Poe's Code, Art.* 16, *sec.* 26,) which provides, that, "any person entitled to any legal character, or to any right as to any property, may institute a suit against any person denying, or interested to deny, his title to such legal character or right; and the Court may, in its discretion, make therein a declaration that he is entitled, without any further or other relief being asked or given."

The provisions of this Act are very broad, and broader perhaps than the Legislature intended, if the precise meaning of the language used had been fully considered; for it is clear the Legislature has no power to confer on Courts of equity the jurisdiction to determine legal rights, in regard to which Courts of law exercise exclusive jurisdiction. In such cases the

Constitution guarantees to suitors the right of trial by jury, and this right the Legislature cannot abridge or take away. The Act of 1888, was borrowed, we find, word for word from the Code of the Indian Empire, but the British Parliament is not controlled, nor is its power limited, as is the power of the Legislature in this State, by a written Constitution. The jurisdiction then conferred by the Act of 1888, can only be exercised in regard to such matters as are properly cognizable by a Court of equity; and its exercise in regard to these, the Act merely provides, shall rest in the discretion of the Court.

In this case a Court of equity is asked to determine whether the plaintiff has title to the strip of land by *adversary possession,* and this is, as we have said, a question for the determination of a Court of law.

*Decree affirmed.*