GEORGE REIDER and Another v. MICHAEL WALZ and Others.[1]

December 9, 1904.

Nos. 14,071—(119).

**Equity—Special Verdict.**

> In this, an equitable action, a special question was submitted to a jury, and a verdict thereon in favor of the plaintiffs was returned. The trial court, on its own motion, set aside the verdict and ordered judgment for the defendants. *Held* error.

Action in the district court for Otter Tail county to have an absolute deed made by plaintiffs to defendant Lizzie Walz declared a mortgage, and to redeem therefrom; and to vacate a subsequent deed of the premises made by defendant Walz to defendant Bertha Whiting. The case was tried before Baxter, J., who set aside a special verdict of the jury, to which certain questions referred to in the opinion were submitted, and found in favor of defendants. From a judgment entered pursuant to the findings, plaintiffs appealed. Reversed and new trial granted.

*M. J. Daly,* for appellants.

*J. W. Mason,* for respondents.

START, C. J.

The complaint alleged, with other matters, that on October 26, 1895, the plaintiff George Reider was the owner and in the possession of the

[1] Reported in 101 N. W. 601.

premises described in the complaint, and that he and his wife on that day made and delivered to the defendant Lizzie Walz a deed of the premises, absolute in its terms, but in fact intended by the parties thereto as a mortgage to secure the payment of the sum of $1,095.80 to the defendant Michael Walz, the husband of the grantee, due him for money advanced by him to the grantors to redeem the premises from a prior mortgage and a certain other debt then owing to him by them, amounting in all to the sum of $1,200; that the deed was duly recorded in the office of the register of deeds of the proper county; that the plaintiffs have been at all times in the actual possession of the premises, and ever since the maturity of the mortgage indebtedness have been ready, willing, and able to pay the same—and prayed that the deed be adjudged to be a mortgage, and they be permitted to redeem the premises from the mortgage lien.

The defendants made separate answers; each denying, in effect, that the deed was intended as a mortgage, and alleging that it was in fact what it purports to be—an absolute deed of the premises. The cause was tried by the court and jury. The issue as to the intention of the parties in making the deed was submitted to the jury. The issue which was for the jury was determined in accordance with the question and answer following:

> Question. Was the deed executed by George Reider, the plaintiff herein, and his wife, Catherine Reider, to Lizzie Walz, one of the defendants herein, on October 26, A. D. 1895, and referred to in the complaint in this action as having been recorded on October 29, A. D. 1895, in the office of the register of deeds in and for said Otter Tail county, in Book 41 of Deeds, on page 193, executed as a mortgage to secure money due said defendant Michael Walz from said plaintiff?
> Answer. Yes.

Thereafter the trial judge made his findings of fact and conclusions of law, wherein, without notice and on his own motion, he set aside the verdict of the jury, and found, in effect, that the deed was not made for the purpose of securing an indebtedness due to the defendant Michael Walz, but, on the contrary, that it was made and intended

to be made and to operate as a deed in fee simple of the premises in question. As a conclusion of law, he directed judgment for the defendants on the merits, which was entered, and from it the plaintiffs appealed.

The controlling point raised by the assignment of errors is, did the trial court err in so setting aside the verdict of the jury? We answer the question in the affirmative. The finding of the jury in this case was not simply advisory, which the court might reject in its discretion, and dispose of the cause without reference to it. A verdict of a jury upon specific questions of fact submitted to them in an equity action is as binding on the court as a general verdict in a legal action, and it is subject to the same rules as to setting it aside for insufficiency of evidence. Marvin v. Dutcher, 26 Minn. 391, 4 N. W. 685; In re Pinney's Will, 27 Minn. 280, 6 N. W. 791, 7 N. W. 144; Niggeler v. Maurin, 34 Minn. 118, 24 N. W. 369. Now, the action of the trial court in setting aside the verdict and ordering judgment for the defendants, aside from the fact that it was done on its own motion, whereby both parties were deprived of an opportunity to be heard on the question, was obviously erroneous. The evidence as disclosed by the record does not make a case justifying such drastic relief. We refrain from discussing the evidence, as there must be a new trial.

The plaintiffs, however, claim that they are entitled to judgment in this court in their favor to the effect that the deed was a mortgage, and that they be permitted to redeem. There are several reasons why this cannot be done. The finding was not simply ignored, but set aside, and a finding made by the court, which, if it stands, would entitle the defendants to judgment. Again to enter judgment for the plaintiffs would be an injustice to the defendants. They were in no manner responsible for the action of the court, and ought not to be deprived of an opportunity of moving to set aside the verdict and for a new trial. If they had made a motion for judgment, instead of an alternative motion for judgment or a new trial, they could not complain if they were held to their election. But they did neither.

It is not quite clear, from a strict legal standpoint, just what order should be made in this case. But after a consideration of the matter, we have reached the conclusion that the only practical way of doing

justice to both parties is to reinstate them in the position they were in at the commencement of the trial. Therefore the judgment must be reversed, the findings of the trial court set aside, and a new trial granted.

So ordered.