Brown v. Davis, 21 Haw. 327.

# CECIL BROWN, TRUSTEE, v. ROBERT WYLLIE DAVIS.

## APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 7, 1912.                    DECIDED OCTOBER 16, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

PARTITION—*disputed title—jurisdiction.*

> In a suit for partition where the answer of the respondent, made under oath, is responsive to the bill and denies the cotenancy of the parties to the suit and the complainant's legal title to as well as his possession of the premises, and sets up legal title to the premises and exclusive possession thereof in the respondent, a court of equity will decline jurisdiction to try this question of disputed title; but will retain the bill for a reasonable time, until the issue of title has been determined in an action at law.

## OPINION OF THE COURT BY DE BOLT, J.

The complainant, Cecil Brown, trustee, filed his bill in equity seeking to have certain alleged leasehold interests in those lands and premises known as Mokapu, situate in the city and county of Honolulu, partitioned between himself and the respondent, Robert Wyllie Davis. The bill alleges, in substance, that each of the parties (the complainant and the respondent) is the legal owner of an undivided one-half interest in the alleged leasehold thus sought to be partitioned and that they are in possession of the leasehold premises as cotenants.

The answer of the respondent, which was made under oath, (a sworn answer not having been waived), is responsive to the bill. It denies the cotenancy of the parties and any title to the said lands and premises in and possession thereof by the complainant, and alleges that the respondent on August 16, 1892, by virtue of a certain trust deed, "became and was possessed of a life estate in and to the said lands and premises known as Mokapu, freed and discharged from any and all trusts," and "that pursuant to said deed * * * the respondent on said last named day

went into possession of said premises to reside thereon and use
the same for grazing and agricultural purposes and ever since
has been in possession thereof and residing thereon and using
the same for grazing and agricultural purposes."

The cause having come before the circuit judge on a motion
by the complainant to set the same for trial, the motion, in the
language of the circuit judge, was "denied until such time as
the complainant shall have determined his title at law." The
complainant appeals from the order denying the motion to set
the cause for trial.

The answer of the respondent, as already observed, not only
denies the cotenancy and the complainant's title in as well as
his possession of the premises, but it also sets up title and ex-
clusive possession of the premises in the respondent, giving the
respective dates, record and character of the muniments of title
upon which he bases his claim. The claims of the respective
parties as presented by their pleadings are, obviously, in con-
flict and the legal title to the premises is in dispute and doubt-
ful.

"There can be no partition where there is no cotenancy" (30
Cyc. 215), and "equity will not exercise jurisdiction where the
legal title is doubtful." Id. 243.

A suit for partition is instituted and can only proceed when
the property is held in cotenancy and the respective shares of
the cotenants are mutually conceded and are free from dispute
and doubt. The sole object of the suit is to effect a division of
the property between the cotenants so that each may hold his
respective share in severalty.

In a suit for partition, "Where the complainant's legal title
is disputed, courts of equity decline the jurisdiction to try this
question; but, in analogy to the case of dower, they will retain
the bill for a reasonable time, until the issue of title has been
determined at law." 4 Pom. Eq. Jur. (3ed.), §1388. "A bill
for partition cannot be made the means of trying a disputed
title." *Clark* v. *Roller,* 199 U. S. 541, 545. "It is one of the

well established rules governing suits in equity for partition that the parties will not be allowed in equity to try questions of title, and therefore, where the land is held adversely to the complainant, he cannot maintain a suit for partition without first establishing his title to the property in an action at law." 15 Ency. Pl. & Pr. 777. "The title of tenants in common must be conceded and at rest between them, or the court has no jurisdiction to partition the estate." *Wailehua* v. *Lio,* 5 Haw. 519.

Counsel for the complainant contends that the circuit judge should have referred the cause for proof of claims and have examined the various instruments and muniments of title, so as to have been in a position to judge whether or not there was a *bona fide* dispute as to title; and that the judge should not have rendered his decision on the motion to set the case for trial merely upon an examination of the pleadings. In our view of the case the pleadings show a *bona fide* dispute as to title. ·

It will be observed that the answer of the respondent, which was made under oath, is not a mere denial of the complainant's title, but it also sets out in circumstantial detail the facts, including the dates, record and character of the muniments of title, upon which the respondent bases his claim of ownership and right to the exclusive possession of the premises. In the absence of any showing to the contrary we must assume that the answer was filed in good faith and upon the *bona fide* belief of the respondent that the facts therein stated were true. With the pleadings in this case now before us, it is impossible to escape the conclusion that the legal title to the premises is in dispute. The question thus presented does not fall within the province of equity for determination, but is one for consideration in an action at law. This view is sustained by the authorities. *Kaneohe Rice Mill Co.* v. *Holi,* 20 Haw. 609, 610; *Welch's Appeal,* 126 Pa. St. 297; *Tobin* v. *Tobin,* 45 Wis. 298; *Keil* v. *West,* 21 Fla. 508; *Hay* v. *Estell,* 18 N. J. Eq. 251; *Lucas* v. *King,* 10 N. J. Eq. 277; *Overton* v. *Woolfolk,* 6 Dana (Ky.) 371; *Smith* v. *Butler,* 15 Appeal Cases, D. C. 345;

Brown v. Davis, 21 Haw. 327.

*Brown* v. *Cranberry Iron & Coal Co.,* 72 Fed. 96; *McClaskey* v. *Barr,* 42 Fed. 609; *Jenkins* v. *Van Schaack,* 3 Paige (N. Y.) 242; *Criscoe* v. *Hambrick,* 47 Ark. 235; *Trapnall* v. *Hill,* 31 Ark. 345; *Fales* v. *Fales,* 148 Mass. 42; *Pierce* v. *Rollins,* 83 Me. 172; *Hoffman* v. *Beard,* 22 Mich. 59; *Slockbower* v. *Kanouse,* 50 N. J. Eq. 481; Bispham's Equity, 535.

As to what would have been the proper procedure if the answer of the respondent had contained only a bare denial of the complainant's title, we express no opinion.

The circuit judge was right in denying the motion to set the cause for trial until the complainant shall have determined his title at law; provided, however, that action to that end shall be taken within a reasonable time.

The order appealed from is affirmed.

*A. A. Wilder* (*Thompson, Wilder, Watson & Lymer* on the brief) for complainant.

*E. C. Peters* for respondent.