# DILL *v.* EBEY, RECEIVER OF THE CITIZENS' BANK AND TRUST COMPANY.

## ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 191. Argued March 17, 1913.—Decided May 26, 1913.

Section 723, Rev. Stat., declaring that suits in equity shall not be sustained where a plain, adequate and complete remedy may be had at law, by its own terms applies only to courts of the United States; and does not apply to a territorial court, the procedure of which has been prescribed according to the law of an adjoining State, and to c. 18, Rev. Stat., which does not include § 723.

Even if a demurrer in an action in the United States Court of Indian Territory, on the ground that the action should be at law instead of in equity, does amount to an assertion of right under § 723, Rev. Stat., that section is so plainly inapplicable to the practice in such court that no substantial Federal question is raised that would war-

rant this court in reviewing, under § 709, Rev. Stat., the judgment of the state court to which the case was transferred on Statehood.

Demurrer in the territorial court, on the ground that the action should be at law and not in equity, is not such a demand for a jury trial as to amount to specially setting up a right under the trial by jury provision of the Federal Constitution.

In order to entitle plaintiff in error to have this court review a judgment of the state court in an action transferred to that court from the territorial court after Statehood, the Federal question should be specially set up in the state court at the proper time; he cannot rely on a premature assertion of the right in the territorial court.

Writ of error to review, 27 Oklahoma, 584, dismissed.

THE facts, which involve the jurisdiction of this court to review judgments of the state court under § 709, Rev. Stat., and Judicial Code, §. 237, and whether a Federal question exists and was properly and specially set up in the state court, are stated in the opinion.

*Mr. Frank B. Burford*, with whom *Mr. John H. Burford* was on the brief, for plaintiff in error.

*Mr. Frederic D. McKenney*, with whom *Mr. Clinton A. Galbraith* was on the brief, for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

This writ of error brings before us a judgment of the Supreme Court of the State of Oklahoma, affirming a judgment rendered by the District Court of Okfuskee County, holding the plaintiff in error liable for the amount of an unpaid subscription made by him to the capital stock of a bank of which the defendant in error is the Receiver.

The case is brought here under § 709, Rev. Stat., Judicial Code, § 237, and the jurisdictional question is raised.

The action was commenced in the United States court

for the Western District of the Indian Territory on September 17, 1906, by Ebey, as receiver of the Citizens Bank and Trust Company, against Dill, the plaintiff in error, and four others, by the filing of a complaint in equity setting forth that the defendants had organized the Bank and caused it to be incorporated for the purpose of transacting a general banking and trust business at Stonewall, in the Indian Territory; that the articles of incorporation and certificate required by law were properly filed, setting forth the objects and purposes of the corporation, and reciting that the capital stock was $25,000, divided into shares of $25 each, and that $10,000 thereof had been actually paid in by the subscribers, who were the defendants, and that they had severally taken certain shares of stock, of which 80 shares, of the par value of $2,000 were issued to Dill; that he had not paid any part of this par value, or anything of value, for the stock subscribed for by and issued to him; that defendants organized the Bank without any purpose or intent to pay for its capital stock, except $2,000 paid in by one of the other defendants, and that this latter sum was paid in with the distinct understanding that it should be returned; and it was returned, after the corporation became a going concern; that the Bank was and is insolvent, and on the petition of one of its creditors the plaintiff was appointed by the United States court for the Southern District of the Indian Territory, Receiver to take charge of all its property and effects and administer them for the benefit of its creditors; that the liabilities as shown by its books were $15,179.02; that a great deal of its paper was worthless, and a very small sum could be realized from the same and the rest of its assets; that after six months' effort the plaintiff had only been able to collect on notes $60.50, and to realize on other property the sum of $100; that all of the capital stock represented as paid, namely, $10,000, and the assets in the hands of the plaintiff as

Receiver, would not be sufficient to pay the creditors; that on a partial presentation of these facts to the judge, an order was made directing the plaintiff as Receiver to institute proper proceedings against the defendants as subscribers to the capital stock, to recover the respective amounts- remaining unpaid on said subscription, or for the stock issued to them, for the benefit of all the creditors of the bank, and that this suit was commenced in compliance with that order. "That the plaintiff has no adequate remedy at law, and unless this court takes jurisdiction of this suit in equity he will be driven to a multiplicity of actions in trying to enforce the liability of said defendants at law, and the funds of said estate will be greatly depleted in paying the additional costs and expenses necessary in filing and prosecuting such actions."

November 4, 1907, Dill filed a demurrer to the complaint, upon the following grounds: (a) That it did not state sufficient facts to authorize a court of equity to assume jurisdiction; (b) That it showed upon its face that plaintiff had a plain, adequate, and complete remedy at law; and (c) That defendant was entitled to a trial by jury under the laws and Constitution of the United States, of which he would be deprived should the cause be tried in equity. The demurrer was overruled, and he took an exception.

Thereafter, and on November 16, 1907, by proclamation of the President (35 Stat. 2160), the State of Oklahoma, including the former Territory of Oklahoma and Indian Territory, was admitted into the Union by virtue of the Enabling Act of June 16, 1906, 34 Stat. 267, c. 3335. By § 20 of this act (34 Stat. 277), as amended by act of March 4, 1907, 34 Stat. 1286, c. 2911, it was provided that all causes pending in the District Courts of Oklahoma Territory and in the United States courts in the Indian Territory at the time said Territories should become a State, not transferred to the United States Circuit or

District Courts under previous sections, should be "proceeded with, held and determined by the courts of said State, the successors of said district courts of the Territory of Oklahoma, and the United States Courts in the Indian Territory; with the right to prosecute appeals or writs of error to the supreme or appellate court of said State, and also with the same right to prosecute appeals or writs of error from the final determination in such cases made by the supreme or appellate court of such State to the Supreme Court of the United States, as is provided by law for appeals and writs of error from the supreme or final appellate court of a State to the Supreme Court of the United States."

Upon Statehood, the present action was transferred to the District Court of Okmulgee County, and the defendant Dill, now plaintiff in error, obtained its transfer from that court to the District Court of Okfuskee County. There he answered upon the merits, admitting the organization and incorporation of the Bank, and that he subscribed for eighty shares of its capital stock, but alleging that he paid the consideration therefor to the Bank at the time, and denying any indebtedness to the plaintiff on the stock.

If any of the other defendants pleaded to the action, the transcript presented here does not show it. The cause, however, came on for trial before the court without a jury, the plaintiff, the defendant Dill, and another defendant named Malott, appearing respectively in person and by attorney. The issue as between the plaintiff and Malott was declared to be, whether the latter had in fact subscribed for eighty shares of the stock of the Bank, for the par value of which the plaintiff sought to hold him liable. The trial court found in favor of the defendant Malott, and against the defendant Dill, and rendered a decree against the latter for $2,000, together with interest and costs.

Dill moved for a new trial on several grounds, the only
one here significant being—"Error of the court in trying
the said cause without submitting the same to a jury,
when the parties thereto had not waived a jury trial."

This motion having been denied, he appealed to the
Supreme Court of Oklahoma, renewing there the insist-
ence that the cause of action alleged in the complaint was
cognizable at law and not in equity, and that under the
Constitution and laws of the United States he was en-
titled to a trial by jury. The court overruled this conten-
tion and on rehearing adhered to the same view, so that the
judgment of the District Court was affirmed (27 Okla-
homa, 584), and the case comes here.

It is insisted that whatever rights or immunities, under
the laws of the United States, had been asserted by de-
fendant in the course of the litigation prior to Statehood,
were preserved to him after Statehood by the clause above
quoted from § 20 of the Enabling Act, together with § 1
of the schedule to the state constitution (Okla. Comp.
Laws, 1909, p. 137), the language of which is: "No exist-
ing rights, actions, suits, proceedings, contracts, or claims
shall be affected by the change in the forms of government,
but all shall continue as if no change in the forms of gov-
ernment had taken place."

Without passing upon the soundness of this proposition,
we may, for present purposes, assume it to be sound.
*Blanchard* v. *Ezell*, 106 Pac. Rep. 960; *Garnsey* v. *State*,
112 Pac. Rep. 24; *Pacific Mutual Life Ins. Co.* v. *Adams*,
112 Pac. Rep. 1026; *Choctaw Electric Co.* v. *Clark*, 114
Pac. Rep. 730; *St. Louis & S. F. R. Co.* v. *Cundieff*, 171
Fed. Rep. 319, 322.

Next, the insistence is that by his demurrer, filed before
Statehood, and specifying, as one of the grounds, that the
plaintiff had "a plain, adequate, and complete remedy at
law," the defendant clearly asserted a right or immunity
under § 723, Rev. Stat., which declares that—"Suits in

equity shall not be sustained in either of the courts of the
United States in any case where a plain, adequate, and
complete remedy may be had at law." This section, how-
ever, by its own terms applies only to "courts of the
United States;" and when afterwards a United States
Court was established in the Indian Territory by the act
of March 1, 1889, c. 333, 25 Stat. 783, it was by the sixth
section enacted—"That the provisions of chapter eight-
een, title thirteen, of the Revised Statutes of the United
States shall govern such court, so far as applicable; *Pro-
vided*, That the practice, pleadings, and forms of proceed-
ing in civil causes shall conform, as near as may be, to the
practice, pleadings, and forms of proceeding existing at the
time in like causes in the courts of record of the State of
Arkansas, any rule of court to the contrary notwithstand-
ing." Chap. 18 of Title 13, Rev. Stat., includes some
sections prescribing the forms of procedure, but not § 723.
However, the proviso making the practice, pleadings, and
forms of procedure conformable to those existing in the
State of Arkansas must of course be given effect. More-
over, in the act of May 2, 1890, enlarging the jurisdiction
of the court (c. 182, 26 Stat. 81, 95), it was in § 31 enacted
that certain provisions of the Arkansas statutes, as con-
tained in Mansfield's Digest of 1884, should be extended
over and put in force in the Indian Territory, among them
being chapter 119, relating to pleadings and practice.
That chapter (Mans. Dig., §§ 4914, etc.) abolishes forms
of action; provides that there shall be but one form of
civil action; enacts that the proceedings therein may be
of two kinds, at law or in equity: (§ 4925), that "An error
of the plaintiff as to the kind of proceedings adopted
shall not cause the abatement or dismissal of the action,
but merely a change into the proper proceedings by an
amendment in the pleadings and a transfer of the action
to the proper docket;" and (§ 4926), that such error may
be corrected on motion. Section 5028 provides that the

defendant may demur to the complaint for want of juris-
diction of the court over the person or the subject-matter,
the plaintiff's want of legal capacity, the pendency of
another action, a defect of parties, plaintiff or defendant,
or "*Fifth*, That the complaint does not state facts suffi-
cient to constitute a cause of action." Evidently, under
this mode of pleading, the objection that the action is in
equity, whereas it ought to be in law, is not a ground of
demurrer. The liberality of the system is illustrated in
*Zufall* v. *United States*, 1 Ind. Terr. 638, 643; *Sparks* v.
*Childers*, 2 Ind. Terr. 187, 198; *Hampton* v. *Mayes*, 3 Ind.
Terr. 65, 72; *Rogers* v. *Nidiffer*, 5 Ind. Terr. 55, 58. In
*Indian Land & Trust Co.* v. *Shoenfelt*, 135 Fed. Rep. 484,
the Circuit Court of Appeals for the Eighth Circuit, in an
action commenced by bill in equity in the United States
Court in the Indian Territory, seems to have held that
§ 723, Rev. Stat., was applicable. But see a later decision
by the same court in *St. Louis & S. F. R. Co.* v. *Cundieff*,
171 Fed. Rep. 319, 321.

Upon this question, we hold that if the demurrer may
be deemed an assertion by the defendant of a right,
under § 723, Rev. Stat., to have the case determined in
equity, yet that section was so plainly inapplicable to
the practice in the territorial court that no substantial
Federal question is raised, such as would warrant a review
here under § 709, Rev. Stat.

It is, however, next insisted that the demurrer amounted
also to a demand for a trial by jury, and an assertion of a
right thereto under the Federal Constitution (extended
to the Territory by c. 182, § 31, 26 Stat. 96); and that
this right was denied by the subsequent decision of the
state court sustaining the judgment notwithstanding the
demurrer.

We deem this untenable, for two reasons, viz., (a)
because the demurrer was not a proper demand for trial
by jury; and (b) the right to such a trial, if it existed, and

was properly demanded prior to Statehood, was subsequently waived.

(a) We have already pointed out that under the Code as contained in Mansfield's Digest the grounds of demurrer are limited, and the contention that defendant will be deprived of a jury trial is not one of them. Indeed, since a demurrer has the necessary effect of admitting the facts alleged in the complaint, a demand for a trial by jury is quite incongruous; for a jury has no function to perform where the facts are admitted. It is evident that, under the local practice, the court of the Territory was warranted in overruling this ground of demurrer, and that no question of Federal right is raised by its action in doing so.

(b) As already pointed out, the defendant afterwards answered in the state court, denying the facts set up in the complaint. But he did not in his answer, nor at any other time so far as the record discloses, demand a jury trial until after the court had found against him on the facts and rendered judgment accordingly. He did then move for a new trial upon the ground, among others, that there was error in trying the cause without submitting it to the jury, "when the parties thereto had not waived a jury trial."

While it is conceded that under Mansfield's Digest, § 5105, and also under § 5785 of the State Code (Comp. Laws Okla. 1909, p. 1256), a jury might be waived, it is insisted that since the case was tried after Statehood, and pursuant to the procedure prescribed by the state law, § 5808 (Okla. Comp. Laws 1909, p. 1258) applied, which prescribes the manner in which trial by jury may be waived, viz., "By the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney. By written consent, in person or by attorney, filed with the clerk. By oral consent, in open court, entered on the journal."

The record shows no written consent, nor any entry upon the journal of oral consent. It does show that the action was in form an action in equity, normally triable without jury, and it further shows a trial of the issues before the court without a jury, in which trial the now plaintiff in error participated in person and by attorney, without taking any exception to the mode of trial.

The state courts did not pass upon the question whether under the local practice this amounted to a waiver of a demand for jury trial; both courts having entertained the view that the cause was properly brought in equity, in which case there was no right to trial by jury.

We deem it clear that in order to entitle himself to a review here under § 709, Rev. Stat., on the ground of a deprivation of the right to trial by jury, plaintiff in error should have "specially set up" his alleged right in proper time in the state court, and should not have relied upon a premature assertion of that right, contained in a demurrer where it had no proper place, and not reiterated at any time when there was an issue of fact to be tried.

*Writ of error dismissed.*