## ANNA KAINEA, IDA LONG AND F. C. WARREN *v.* THOMAS KREUGER AND GEORGE KAHA.

### No. 1829.

ARGUED FEBRUARY 18, 1929.                    DECIDED MARCH 2, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This is a suit in partition, begun by a bill in equity under the provisions of chapter 159, R. L. 1925. The bill alleges in effect *inter alia* that the three petitioners and Thomas Kreuger, one of the respondents, are the owners of an undivided estate in fee simple, in the different proportions set forth in the bill, as tenants in common of the three and one-half acres of land sought to be partitioned, subject only to a right of dower in and to an undivided one-fourth thereof then owned by the other respondent, George Kaha, who had theretofore acquired said dower right by conveyance; that the petitioners and respondents are all the persons having any interest or title in and to said premises so far as known to the petitioners. The bill prays for partition in kind among the respective owners as above set forth, or, if partition in kind is found to be impracticable, a sale of the premises and a division of the proceeds among the owners in proportion to their respective interests. The answer of the respondent Thomas Kreuger admits the allegations of the bill and prays for the same relief therein asked. The

sworn answer of George Kaha, the other respondent, alleges in effect, among other things, that he is the owner in severalty in fee simple of a definitely described portion, afterwards shown to contain 17/100 of an acre, of the land sought to be partitioned; the said portion being claimed by adverse possession thereof on the part of said respondent, his predecessors in interest .and his tenants for more than ten years prior to the institution of these proceedings. Kaha's answer prays that he may be adjudged to be the owner of the portion of the premises therein described, that the same be set aside to him and that he have such other and further relief as may be deemed meet and proper in the premises. Within ten days thereafter the respondent Kaha filed his demand for a trial by jury of the issues raised by the petition and answer; whereupon a jury was impaneled in said partition proceeding as in section 2768, R. L. 1925, provided, to specially hear and determine the particular issue as to whether or not the respondent Kaha had acquired title by adverse possession to the 17/100 of an acre described in his answer. By stipulation Kaha assumed the affirmative and the issue above named was tried before the jury impaneled as in an action at law, the trial resulting in a verdict "that the respondent George Kaha is the owner of the property mentioned in his answer." No judgment or decree was entered upon this verdict. Exceptions were taken at the trial to the court's admission of certain testimony, to its denial of petitioners' motion for a directed verdict and motion for a new trial and to the giving and refusal of certain instructions; and these exceptions were, within the time allowed in actions at law and due extension thereof, presented to the trial judge for allowance and by him allowed.

After the case on petitioners' exceptions had been submitted to this court by appellants and appellee by briefs

on the merits, the parties were asked by this court to answer the following jurisdictional questions: (1) In a suit in equity for partition of real estate brought under the provisions of chapter 159, R. L. 1925, where, as provided by section 2768 of said chapter, a jury has been impaneled upon demand of an interested party to hear and determine a particular issue of fact as to the legal title to a certain alleged share or interest in said property, has this court jurisdiction upon a bill of exceptions to review said jury proceeding and verdict and the trial judge's denial of a motion for a new trial? (2) Is this case, or any part of it, now legally before the supreme court for review, either under the provisions of section 2515 as to exceptions or under the provisions of section 2509 as to appeals, either interlocutory or final?

Whereupon respondent-appellee moved to dismiss petitioners-appellants' bill of exceptions "upon the ground and for the reason that the supreme court of the Territory of Hawaii is without jurisdiction to review upon bill of exceptions the jury proceedings and verdict and the trial judge's denial of a motion for new trial in a suit in equity for partition of real estate" in the circumstances set forth in the foregoing questions.

Upon the question as to whether or not exceptions lie in the circumstances above recited and upon questions of constitutional law and statutory construction therein suggested, which need not here be repeated in detail, argument was invited from *amici curiae* whose valuable assistance is hereby acknowledged.

The suit was brought under the provisions of chapter 159, R. L. 1925, enacted as chapter 178 of the Session Laws of 1923. Proceedings under that Act are, by express provision, in equity. Trial by jury of questions of disputed title under that Act is part of the equitable proceeding. Section 2768 of the chapter of the Revised Laws

above referred to provides as follows: "Whenever the legal title of any particular share or interest in the property is controverted, the court shall, upon the demand of any party interested therein if demand shall be made and filed within ten days after the filing of the answer controverting the same, cause a jury to be empanelled in the partition proceeding, in like manner as in actions at law, to specially hear and determine such particular issue, and for such purpose the jury shall be drawn from the regular jury list at the time subject to call in actions at law in the same circuit; otherwise the right of trial thereof by jury shall be deemed to be waived and such issue shall be heard and determined by the court sitting without a jury."

Prior to the enactment of the 1923 statute above referred to, a bill of partition in this Territory could not be made the means of trying a disputed title. *Kaneohe Rice Mill Co.* v. *Holi*, 20 Haw. 609. The question thus presented did not fall within the province of equity for determination but was one for consideration in an action at law. *Brown* v. *Davis*, 21 Haw. 327, 329. If at that time, in a suit for partition, an issue was in good faith raised concerning the extent of the petitioner's interest in the land, the proper course was to suspend the bill and give the petitioner an opportunity to sue at law. *Kaneohe Rice Mill Co.* v. *Holi, supra.* The reasons, this court said, in the case last above cited, which lead courts of equity to decline to exercise jurisdiction in this class of cases are that "questions, of fact at least, concerning the title to real estate are purely legal, appropriate to be determined by a court of law, and that in their determination the parties are entitled to a trial by jury." *Whitehead* v. *Shattuck,* 138 U. S. 146, 151, was then cited as authority to the effect that the seventh amendment to the Constitution of the United States is applicable to contests over a

title to real property and that in such contests both parties had a constitutional right to call for a jury.

United States Constitutional amendment number seven provides in full as follows: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." That this amendment applies to the territories of the United States "is no longer an open question." *Thompson* v. *Utah,* 170 U. S. 343, citing *Webster* v. *Reid,* 11 How. 437, 460; *American Publishing Co.* v. *Fisher,* 166 U. S. 467, and *Springville* v. *Thomas,* 166 U. S. 707. That it is in full force and effect in Hawaii, see *Wong Chow* v. *Dickey,* 14 Haw. 524; *Lewers & Cooke* v. *Redhouse,* 14 Haw. 290, and *Pringle* v. *Hilo Mercantile Co.,* 13 Haw. 705. It is apparent, therefore, that chapter 159, R. L. 1925, depends for its validity upon a construction which makes it conformable to the provisions of amendment seven above quoted. "It is a fundmental rule of construction that 'courts are never to declare an act void unless the nullity and invalidity of the act are placed, in their judgment, beyond reasonable doubt. A reasonable doubt must be solved in favor of legislative action and the act sustained.' Cooley, Const. Lim., p. 182, and cases cited. 'The opposition between the Constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility with each other.' *Fletcher vs. Peck,* 6 Cranch, 128. 'It is but a decent respect due to the wisdom, the integrity and the patriotism of the legislative body by which the law is passed, to presume in favor of its validity, until its violation of the Constitution is proved beyond all doubt.' *Ogden vs. Saunders,* 12 Wheat., 270." *Hilo Sugar Co.* v. *Mioshi,* 8 Haw. 201, 205.

Applying the foregoing rule, we presume that the legislature, in enacting chapter 159, R. L. 1925, intended to preserve to the parties in partition suits, where questions of title to real estate are properly raised and jury trials of such issues duly demanded, all the rights guaranteed them by the seventh amendment above quoted. As was said of Act of Congress of April 7, 1874, chapter 80, 18 Stat. 27, hereinafter quoted, the provision for jury trial therein referred to "implies not merely that the form of a jury trial be preserved, but also all its substantial elements." *American Publishing Co.* v. *Fisher,* 166 U. S. 464, 467. It secures all the rights of trial by jury as they existed at common law. See *Walker* v. *New Mexico & Southern Pacific R. R. Co.,* 165 U. S. 593, 596. This right the legislature can neither abridge nor take away. *McCoy* v. *Johnson,* 70 Md. 490, 493. But the mere conferring upon courts of equity jurisdiction to try questions of disputed title under the circumstances set forth in section 2768 is not of necessity a deprivation or abridgment of that right. True, it has been held that "the right of trial in common law causes being a constitutional right * * * a law that any such causes shall be tried 'agreeably to the course of a court of chancery' is obnoxious to this right and void." 16 R. C. L. 215, citing *North Pennsylvania Coal Co.* v. *Snowden,* 42 Pa. St. 488, 82 Am. Dec. 530. But the provision in this instance does not require the jury trial to be in conformity with chancery practice. The jury is to be impaneled "in like manner as in actions at law." Under the constitutional guaranty above referred to, the right of trial as in actions at law by the jury thus impaneled must also be preserved and the same weight must be required to be given to the verdict of the jury as is given to verdicts in law cases. The statute contains no provision out of harmony with the rights above referred to.

The seventh amendment is not restrictive as to the form in which the jury trial may be had, nor, except as herein set forth, as to the procedure therein applicable. In *Walker* v. *New Mexico, etc., Railroad Co.* (1897), 165 U. S. 593, 17 Sup. Ct. 421, 41 L. Ed. 837, affirming 7 N. M. 282, 34 Pac. 43, the United States Supreme Court said that this amendment "does not attempt to regulate matters of pleading or practice, or to determine in what way issues shall be framed by which questions of fact are to be submitted to a jury. Its aim is not to preserve mere matters of form and procedure, but substance of right. This requires that questions of fact in common-law actions shall be settled by a jury and that the court shall not assume directly or indirectly to take from the jury or to itself such prerogative. So long as this substance of right is preserved the procedure by which this result shall be reached is wholly within the discretion of the legislature, and the courts may not set aside any legislative provision in this respect because the form of action—the mere manner in which questions are submitted—is different from that which obtained at the common law."

It has been suggested that the second part of amendment seven which provides that "no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law," prescribes common-law procedure to obtain a review and upon review in the class of cases therein referred to; but we have found no authority to sustain this view. The provision refers only to the re-examination of facts and has a well-defined meaning. "Two modes only were known to the common law for the examination of facts once tried by a jury; to-wit, the granting of a new trial by the court where the issue was tried or to which the record was returnable, or by the award of a *venire facias de*

*novo* from the appellate court for some error of law in the proceedings." *Crim* v. *Handley,* 94 U. S. 652, 657, citing *Parsons* v. *Bedford,* 3 Pet. 448, 2 Story Const., (3d ed.) 584; *Insurance Company* v. *Comstock,* 16 Wall. 269.

Assuming, but not deciding, that the term "any Court of the United States" as used in said amendment includes the courts of record of this Territory, our statute does not conflict with the provision above quoted, for it does not require of said courts any other method of re-examination of facts than one or the other of the two modes above described; and, wherever permitted at common law, such mode may be followed thereunder. This also applies if we adopt the suggestion that the constitutional guaranty of trial by jury is in itself a guaranty that no fact tried by a jury shall be otherwise re-examined than according to the rules of the common law.

Thus construed, section 2768, R. L. 1925, does not conflict with the Constitution and furthermore it does not conflict with any Act of Congress. United States Judicial Code, section 267 (title 28, Sec. 384, U. S. C. A.), provides that "suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate and complete remedy may be had at law. (R. S. § 723, Mar. 3, 1911, c. 231, § 267, 36 Stat. 1163)." In *Dill* v. *Ebey,* 229 U. S. 199, 33 Sup. Ct. 620, 57 L. Ed. 1148 (Okla. 1913), it was held that territorial courts established by the United States are not "courts of the United States" within this section when the statute creating them prescribes that the procedure shall conform as near as may be to that of an adjoining state and that the provision of chapter 18, title 13, of the Revised Statutes of the United States shall govern such courts as far as applicable. Our Organic Act does not contain a provision similar to that of Indian Territory referred to in the

Oklahoma case last above cited, but another Act of Congress referring to procedure in territorial courts generally completes the analogy in this respect between the facts in *Dill* v. *Ebey* and those in the case at bar.

The Act is that of April 7, 1874, chapter 80, section 1, 18 Stat. 27 (title 48, Sec. 1464, U. S. C. A.), referred to in an earlier part of this opinion, and it provides as follows: "It shall not be necessary in any of the courts of the several Territories of the United States to exercise separately the common-law and chancery jurisdictions vested in said courts; and the several codes and rules of practice adopted in said Territories respectively, in so far as they authorize a mingling of said jurisdictions or a uniform course of proceeding in all cases whether legal or equitable, are confirmed; and the proceedings heretofore had or taken in said courts in conformity with said respective codes and rules of practice, so far as relates to the form and mode of proceeding, are hereby validated and confirmed: Provided, That no party has been or shall be deprived of the right of trial by jury in cases cognizable at common law." The mingling of common-law and equity procedure by legislative enactment, under the restrictions named, is thus permitted in this Territory. This being so, and the legislature, by chapter 159, R. L. 1925, having provided such a mingling of procedure in suits in partition in the events hereinabove named, what is the proper method of reviewing the jury proceedings in such a suit? By express provision the suit is in equity, proceedings in which, the statutes provide, may be reviewed either in whole or in part, under appropriate procedure, by final appeal, by interlocutory appeal when properly allowed, by properly reserved questions of law, or by writ of error; but no statute provides for their review by bill of exceptions. L. 1892, c. 57, s. 74 and amendments thereto (now R. L. 1925, Sec. 2515), provide

for bills of exceptions to review proceedings of the kind therein referred to, which do not include proceedings in equity. Review of equitable proceedings by bill of exceptions is unknown to our practice. In a review of such proceedings by appeal or writ of error all the rights of the parties hereinabove discussed, guaranteed by the seventh amendment of the Constitution, may be preserved. "Where a party is entitled by express provision of law to a trial by jury of issues of fact and it is not discretionary with the court to direct an issue or refuse it, the verdict of the jury is generally regarded in the same light as the verdict of a jury in a common-law action, and the chancery court is bound by it and cannot disregard it except under the same circumstances as would justify the judge in the law court in setting aside a verdict in a common-law action. Where a distinct legal issue, on which a party to an equity suit is entitled to a jury trial as of right, is tried by a jury, the verdict will be given the same force as in ordinary jury trials, and will not be set aside but will be regarded as conclusive between the parties, unless the court has specified that it is palpably against the evidence." 21 C. J. 597. See also *Procter v. Tubb,* 166 Ky. 676, 179 S. W. 620; *Smith & Nixon Co. v. Curry,* 148 Ky. 166, 146 S. W. 434; *Walton Brick Co. v. Anderson,* 142 Ky. 274, 134 S. W. 136; *Reider v. Walz,* 93 Minn. 399, 101 N. W. 601, 602; *Mellen v. Mellen,* 16 N. Y. S. 191, 192; *Franklin v. Greene,* 2 Allen (Mass.) 519, 522. "Where issues have been submitted by virtue of express provisions giving a jury trial as a matter of right, the court will be governed by the same rules in granting a new trial as at law." 21 C. J. 599, citing *Meeker v. Meeker,* 75 Ill. 260.

Subsidiary questions as to details of practice upon review in cases of the kind herein discussed may well be

left for statement and consideration when they actually arise.

For the reasons hereinabove set forth the motion to dismiss petitioners' bill of exceptions is granted.

*E. Vincent* filed briefs for petitioners but did not argue.

*E. R. Bevins* filed briefs for George Kaha, respondent-appellee, but did not argue.

*L. J. Warren,* of the firm of *Smith, Warren, Stanley & Vitousek* (*Smith, Warren, Stanley & Vitousek* on the brief), *J. B. Poindexter,* and *B. S. Ulrich,* of the firm of *Ulrich & Hite,* amici curiae.