# IN RE ESTATE OF HJALMAR LENNARD YDSTIE.
## ALMA OTILDA BURSTAD BOTTOLFSON v. WALDEMAR N. YDSTIE AND ANOTHER.[1]

November 22, 1935.

No. 30,594.

[1]Reported in 263 N. W. 447.

502

Theodore Quale and F. T. Cuthbert, for appellant.

Charles E. Boughton, Sr., for respondents.

PER CURIAM.

This is an appeal from a judgment entered in the district court of Red Lake county March 8, 1935. The cause had its origin in the probate court of that county, where an instrument purporting to be the last will and testament of Hjalmar Lennard Ydstie was presented for probate. Respondents (who are respectively a brother and the father of decedent) appeared in opposition to its admission. That court refused to admit the proffered instrument and issued letters of administration to respondent Waldemar N. Ydstie. Appellant (sole beneficiary under the purported will) twice thereafter petitioned that court for an order setting aside its former order. Both petitions were denied. Thereupon an appeal was perfected to the district court, where two fact issues (out of four requested by respondents) were submitted to a jury, this being done over appellant's objections. The issues so submitted were: (1) "Was the instrument, Exhibit A, purporting to be a will, signed by Hjalmar Lennard Ydstie, and attested and subscribed in his presence by two competent witnesses?" and (2) "If you find that Hjalmar Lennard Ydstie did sign and execute the will, was he of sound and disposing mind at the time he signed and executed it?" The court in submitting these specific questions instructed the jury that if the first question was answered in the negative they would not be required to answer the second. The jury answered the first question "No." Of course the second was not answered. Later, and on January 28, 1935, the court adopted the verdict of the jury and made its findings and order for judgment in all things sustaining the order of the probate court. Pursuant thereto judgment was entered March 8, 1935. No motion for new trial or to set aside the verdict of the jury has been made, nor was there a motion made for direction of verdict.

Several assignments of error are submitted by appellant. It is doubtful if any of these is sufficient. Assuming, however, that there is a valid assignment challenging the sufficiency of the evidence to sustain the verdict, we are met at the outset with the rule, long established, that "when the trial is by jury the sufficiency of the evidence to justify the verdict cannot be reviewed on appeal from the judgment, unless a motion was made in the trial court for a new trial, and the motion was denied, or there was a motion under the statute for judgment notwithstanding the verdict, or there was a motion on the trial for a directed verdict *on the ground of the insufficiency of the evidence.*" (Italics ours.) 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 388, and cases cited under notes; 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 7073b; LeMieux v. Cosgrove, 155 Minn. 353, 193 N. W. 586, and authorities cited on p. 356, 155 Minn. Rep. The reason for the rule is stated in Dunnell, Minn. Pract. § 1075, quoted with approval in Farmer v. Stillwater Water Co. 99 Minn. 119, 108 N. W. 824. See also Jordan v. Humphrey, 31 Minn. 495, 18 N. W. 450.

"*A verdict of a jury upon specific questions of fact submitted to them in an equity action is as binding on the court as a general verdict in a legal action, and it is subject to the same rules as to setting it aside for insufficiency of evidence.*" Reider v. Walz, 93 Minn. 399, 401, 101 N. W. 601, 602, and cases there cited.

This has been the consistent ruling of this court over a period of many years. See also 2 Mason Minn. St. 1927, § 9288, and cases under note 17.

The verdict stands as an insurmountable barrier to appellant's claims here. Necessarily it must remain such until set aside by competent authority. The facts here appearing do not furnish a sufficient, nor any, ground for its vacation.

Appellant's motion at the end of the trial: "At this time, both sides having rested, the appellant moves the court to withdraw the issues in this case from the jury and to make findings and order for judgment on behalf of appellant on all the issues in the cause," cannot be construed as a motion for direction of verdict. It was

504

no more in purpose or effect than her prior objection to the submission of fact issues to the jury.

Affirmed.