H. C. FARMER v. STILLWATER WATER COMPANY and Another.[1]

July 27, 1906.

Nos. 14,821—(196).

**New Trial.**

Evidence considered, and *held* not so clearly and palpably in favor of a verdict for plaintiff as to justify reversing an order granting a new trial, based on the ground that the evidence is insufficient, within the rule of Hicks v. Stone, 13 Minn. 398 (434).

Action in the district court for Washington county to recover $25,-000 for the unlawful diversion of the sources of a spring of water located upon plaintiff's premises. The case was tried before Williston, J., and a jury, which rendered a verdict in favor of plaintiff for $21,-717. From an order granting a motion for a new trial, plaintiff appealed. Affirmed.

*J. C. Nethaway,* for appellant.

*J. N. Searles,* for respondents.

BROWN, J.

Without going into unnecessary details, the principal facts in this case are as follows: Plaintiff owns lot 19 of block 21 in the city of Stillwater, except a small part, twenty five by sixty feet, in the northeastern corner thereof, which is owned by defendant water company. Situated upon the portion owned by the water company is what is called in the record the "McKusick Spring," from which the company obtains its supply of water for the inhabitants of the city. Soon after plaintiff became the owner of the lot, about June, 1900, he made an excavation thereon for the purpose of obtaining a supply of water for use at his livery and sale barns. He excavated to the depth of sixteen or eighteen feet, near the line of the water company's property, and struck a large supply, in the neighborhood of one hundred fifty thousand gallons daily flow, running in pipes therefrom to the barns some distance away. He in fact could not use all this water, and to avoid stagnation in the spring developed by his excavations laid a pipe therefrom to the city sewer,

[1] Reported in 108 N. W. 824.

and thus permitted the surplus water to flow into the sewer. The result of this was to lower the water in the McKusick spring, from which defendant secured its supply for the people of the city, and an action was brought by defendant company to restrain further waste of the water. The court sustained the right of action, and defendant (plaintiff herein) thereafter refrained from further proceedings in that direction. Stillwater Water Co. v. Farmer, 89 Minn. 59, 93 N. W. 907, 60 L. R. A. 875, 99 Am. St. 541.

Subsequent to the commencement of that action the water company made certain improvements upon its property for the purpose of restoring McKusick spring to its original condition, and by excavations and other improvements in a large measure succeeded. The result of this was to diminish the supply of water in plaintiff's spring. After some further efforts on the part of each of the parties to maintain and assert their respective rights in the premises, during which time an injunction was issued against plaintiff at the suit of defendant, and subsequently modified, defendant made still further and more extensive improvements upon its property. A new well was sunk, twenty five feet deep, in connection with which ditches and trenches were laid to lead the water therefrom to a standpipe, the result of all of which, so plaintiff claims, was to completely drain his spring and deprive him of all his water. He brought this action to recover damages for the alleged wrongful and unlawful conduct of defendant in the premises. It is claimed as the basis of the action that by the excavations and underground tunnels defendant crossed the line between the respective properties of the parties, gained access to plaintiff's excavation, which contained his supply of water, and wholly drained the same. Plaintiff does not contend that he is entitled to recover for the loss of water caused by its natural percolation through the soil into defendant's well, but because of the fact that the tunnels made by defendant extended beyond the line of its property on to that of plaintiff, by means of which plaintiff's reservoir of water was tapped and entirely drained. Defendant put in issue this contention of plaintiff, denying that any tunnels were constructed by it, or that the water from plaintiff's spring was drained therefrom, otherwise than by percolation through the soil or by natural crevices in the rock underneath the surface. Plaintiff had a verdict for the sum of $21,717, and appealed from an order granting a new trial.

After a very thorough and careful examination of the whole record, we are of the opinion that the order appealed from must be affirmed, under the rule laid down in Hicks v. Stone, 13 Minn. 398 (434). The motion for a new trial was based upon several grounds, among others, that the verdict was not sustained by the evidence. The learned court below granted the motion upon the latter ground, expressly stating in its order that "one of the grounds for granting said motion for a new trial is that said verdict was not justified by the evidence and is contrary to law." One of the principal issues on the trial of the case was whether defendant had by excavations and tunnels trespassed upon the property of plaintiff and thereby withdrawn the water from the spring. As stated, defendant expressly denied that he had committed any such acts, and there is evidence in the record tending to support its denial, though we are free to say that the evidence, taken as a whole, is ample to sustain the jury in finding against defendant on that issue. But the mere fact that the evidence is sufficient to sustain the verdict will not justify a reversal of the order in the court below. It is only in cases where the evidence is clearly and palpably in favor of the verdict, bordering upon conclusiveness, that we reverse an order granting a new trial, based upon the insufficiency of the evidence. Whatever doubts we may have entertained in this particular case respecting the propriety of the order of the court below are accounted for perhaps by the fact that we were not present at the trial, and are thus deprived of that valuable guide, the atmosphere of the trial and other matters not capable of being spread upon the record.

The reasons prompting the court to sustain orders of this kind are well summed up in Dunnell, Minn. Pr., 1075: "The duty of the trial court is to keep the jury within the bounds of reason. The duty of the appellate court is to keep the trial court within the bounds of judicial discretion. The trial court is as well able to determine the preponderance of the evidence and the justice of the cause as the jury. It hears all the evidence submitted, observes the general appearance of the witnesses and their demeanor on the stand, hears the arguments of counsel, is able to judge the intelligence of the jury, knows of any circumstances of the trial calculated to influence the jury improperly, knows the things that were not done in the course of the trial, as well as the things that were done, and is conscious of what has been happily described as the

atmosphere of the trial. All of this knowledge and experience properly influences the trial court in passing on a motion for a new trial, but only a small part of it is susceptible of being incorporated in the record on appeal. The knowledge of the appellate court is derived solely from this record, and is therefore very imperfect."

For the reasons stated, the order granting a new trial must be affirmed.

In view of another trial, however, we take occasion to say that on the evidence presented in the record the trial court properly charged the jury that the rule of damages applicable to the case was the difference in value of plaintiff's property before and after the trespass complained of. If, however, it should appear on another trial that his premises can be restored to their former condition at an expense less than the difference in value, that expense, together with an amount sufficient to compensate plaintiff for the loss of his water up to the time of restoration, if defendant restores the premises to their former condition in the meantime, will be the measure of plaintiff's relief. We may also add that it was error to permit plaintiff to prove that he had planned or arranged to utilize his property for the purpose of supplying the citizens of Stillwater with water. The availability of the property for that purpose was proper to be shown, but plaintiff's plans in that direction should have been excluded.

We have examined all other assignments of error made the basis of the motion for a new trial, and find nothing requiring further mention.

Order affirmed.