WANGSNESS, Administrator, Respondent, v. STEPHENSON, Appellant.

(184 N. W. 362.)

(File No. 4928.   Opinion filed September 16, 1921.)

1.   Vendor and Purchaser—Sale of Realty, Contract For, Part Payments Thereunder—Oral Agreement for Cancellation and Repayment—Vendee's Suit for Specific Performance or Damages for Breach—Vendor's Testimony Re Cancellation Agreement and Re-sale to Third Party, Refusal to Allow, Error—Statutes.

In a suit for specific performance of a contract for sale of realty, or, in case specific performance could not be had, damages for breach of the contract, trial court properly allowed vendor to testify that after certain payments were made and vendee was in default as to one payment and desired to abandon the contract, they agreed that it and all rights thereunder should be surrendered, in consideration of vendor repaying to vendee on a specified date the full sum vendor had paid thereon, that, relying upon the agreement, vendor had sold and conveyed the land to a third party, and could not deliver title to plaintiff; vendor offering judgment for amount vendee had paid with interest. Held, over the objection that the cancellation agreement was oral and ineffective to vary terms of the written contract, that such oral testimony was competent; that trial court after admitting said testimony, erred in refusing to make findings as to facts thus pleaded and proven, and, judgment being in favor of vendor, for the amount paid under the contract with interest, as well as for the difference between the contract price and the value of the land, it is clear the court erroneously based its ruling on Code 1919, Sec. 1970, providing that detriment caused by breach of an agreement to convey realty is price paid and expenses properly incurred in examining title, etc., with interest, but adding thereto, in case of bad faith, the difference between agreed price and the value of the land involved at time of breach, and expenses, etc.; that the new agreement did not tend to vary terms of the written agreement, but even if it did, if it was entered into in good faith, when vendor resold the land relying upon such new agreement, act in selling was not an act of "bad faith." So held, in view also

of Sec. 908, providing that a contract in writing may be altered by a contract in writing or by an executed oral agreement.

2. **Same—Statutory Alteration of Writing by Written Contract Or Executed Oral Agreement, Whether Applicable Re Mutual Rescission and Abandonment of Contract**

Said Sec. 908 has no application either to the mutual rescission of a written contract or to an entirely new agreement valid in itself; and the evidence in this record established such new agreement based upon mutual rescission and abandonment of the previous contract.

3. **Sale of Realty—Parol Agreement for Rescission of Written Contract, Whether Valid, And By What Proof Established—New Agreement on New Consideration, Whether Within Statute of Frauds.**

A parol agreement whereby a written contract is rescinded is valid, and may be established by any competent proof; and where, after execution of a contract for sale of realty and sundry payments thereunder, an oral agreement was made by the parties for cancellation thereof and for repayment by vendor of all payments made with interest, and vendor, relying upon such cancellation, had thereafter resold to a third party, held, that the new agreement was not such as under the statute of frauds would need to be in writing; the title to the land not having been conveyed to original vendee, ·and the written contract remaining in vendor's possession, and vendee could have compelled vendor to carry out his covenant of repayment; that the general rule is, that while intrinsic verbal evidence is not admissible to contradict or vary terms of a written agreement, such rule is not infringed by admission of such evidence to prove the agreement discharged, or to establish a new and distinct agreement on a new consideration which becomes a substitute for the old; in the latter case, however the whole agreement is rescinded and abandoned, and it is not competent to show by parol the incorporation of new terms and conditions; it being obvious too, that the new agreement must be valid in itself, and such may be made the basis of an action.

Smith and McCoy, JJ., taking no part in the decision.

Appeal from Circuit Court, Minnehaha County. Hon. JOHN T. MEDIN, Judge.

Action by Thomas Wangsness, as Administrator of the Estate of Sigfred Ulvig, Deceased, against A. H. Stephenson, for enforcement of specific performance of a ·contract for sale of realty, or for alternative relief in damages for breach of the contract. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Jones, Muller & Conway,* for Appellant.

*Boyce, Warren & Fairbank,* for Respondent.

(3) To point three of the opinion, Appellant cited: Wadge v. Kittleson, (N. D.) 97 N. W. 856; 13 Corpus Juris, 595.

Respondent cited: Maisen v. Cartright (Okla.) 144 Pac. 375; McCullough v. Vauer (N. D.) 139 N. W. 318.

WHITING, J. Defendant, S., entered into a written contract to convey to one U. certain real property, upon the payment of the agreed consideration, which payment was to be made in installments. U. made some of the payments. Soon thereafter he died, and plaintiff was appointed administrator of his estate. Plaintiff thereafter brought this action, wherein he tendered all overdue payments and demanded specific performance of the contract, or, in case specific performance could not be had, damages for breach of the contract. S. pleaded that U., after having paid some upon the contract, and when in default as to one payment, desired to abandon the contract, and that he and U. entered into an agreement whereby U. surrendered the written contract and all his rights thereunder, in consideration of S. agreeing to repay U., at a future date agreed upon, the full sum which U. had paid upon such contract. S. further pleaded that, relying upon the agreement to cancel the contract, he had sold and conveyed the land to a third party, and therefore could not deliver title to plaintiff. S. offered judgment for the amount U. had paid and interest from the time such agreemnt was alleged to have been made. Findings were for plaintiff. From a judgment for damages for breach of contract, and from an order denying a new trial, this appeal was taken.

Upon the trial, and over objections that the agreement sought to be proven was oral, and therefore ineffective to vary the terms of the written agreement, S. was allowed to introduce proof of the agreement which he had pleaded, and he was also allowed to offer proof that, relying upon this agreement, he had sold and conveyed the land to a third party. But the trial court refused to make any findings as to the facts thus pleaded, although they were sustained by what seems to us undisputed testimony. Inasmuch as the judgment was for the amount that had been paid by U. and interest thereon from dates of payments, as well as for the difference between what U. contracted to pay for the land

and the value of the land when S. sold it to the third party, it is clear that the court based its final rulings on section 1970, R. C. 1919, and that it held the offer to prove the oral agreement but an attempt to vary the terms of a written contract, and therefore ineffective under section 908, R. C. 1919, and the sale by S. to the third party an act of "bad faith" on the part of S.   Section 1970, R. C. 1919, reads:

"The detriment caused by the breach of an agreement to convey an estate in real property is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid, and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land."

Section 908, R. C. 1919, reads:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

[1]   The trial court was in error.   The new agreement did not tend to vary the terms of the written agreement; but, even if it had, if it was entered into in good faith, when S. sold the land relying upon such new agreement, his act in selling said land was not an act of "bad faith."

[2]   Section 908 has no application, either to the mutual rescission of a written contract or to an entirely new agreement valid in itself.   The evidence received established an entirely new agreement, based upon a mutual rescission and abandonment of the previous contract.

[3]   A parol agreement whereby a written contract is rescinded is valid and may be established by any competent proof. 13 C. J. 600; Tompkins v .Davidow. 27 Cal. App. 327, 149 Pac. 788; Enderlien v. Kulaas, 25 N. D. 385, 141 N. W. 511.   But here we have more than the mere rescission—we have the new agreement based upon new consideration.   This new agreement was not such an agreement as, under the statute of frauds, would need be in writing.   No title to this land had been conveyed to U.; the written contract was not in his, but S.'s, possession.   That he could, under the facts proven, have compelled S. to carry out his covenant to repay the money cannot be questioned.   The law

applicable to this case is well stated in Adler v. Friedman, 16 Cal. 139:

"The general rule is, that extrinsic verbal evidence is not admissible to contradict or vary the terms of a written agreement. This rule is not infringed by the admission of such evidence to prove that the written agreement has been discharged, or to establish a new and distinct agreement, upon a new consideration, which takes the place of, and is a substitute for the old. In the latter case, however, it must appear that the old agreement is rescinded and abandoned, and it is not competent to show by parol the incorporation of new terms and conditions. It is obvious, too, that the new agreement must be valid in itself, and such may be made the basis of an action."

See, also, Pearsall v. Henry, 153 Cal. 314, 95 Pac. 154, 159.

The judgment and order appealed from are reversed.

SMITH and McCOY, JJ., taking no part herein.