Judgment affirmed.

---

## ED. REYNOLDS v. MARTIN BONDHUS.[1]

October 13, 1922.

No. 22,999.

**Verdict not supported by evidence.**
    1. The evidence does not sustain a finding of the jury that the plaintiff at the request of the defendant procured 32 acres of land to be plowed for him.

**When sufficiency of evidence to sustain verdict is reviewable on appeal.**
    2. On an appeal from a judgment where a motion for a new trial has been made on the ground of insufficiency of evidence, and denied, the question of its sufficiency to sustain the verdict is for review.

Action in justice court to recover $69 for plowing. From a judgment in favor of plaintiff, defendant appealed to the district court for Douglas county where the case was tried before Parsons, J., and a jury which returned a verdict in favor of plaintiff for $69. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed on condition.

*L. L. Larson,* for appellant.
*Ralph S. Thornton,* for respondent.

DIBELL, J.

Action to recover for plowing 46 acres of land at $1.50 per acre, a total of $69, tried de novo in the district court on appeal from the court of a justice of the peace. There was a verdict for that sum. The defendant's motion for a new trial, one ground of which was the insufficiency of the evidence to sustain the verdict, was

[1]Reported in 190 N. W. 55.

denied. Judgment was entered for the plaintiff and the defendant appeals.

1. In June, 1917, the plaintiff sold the defendant a farm then under lease to one Dilly. The sale was subject to the lease. By its terms Dilly was to plow back 32 acres. This he did. The plaintiff claims that Dilly plowed back 14 acres additional. The 32 acres and the 14 acres make the 46 acres for which recovery is sought. The plaintiff paid Dilly nothing for plowing the 32 acres. He claims he paid him $1.50 per acre for the 14 acres.

On September 21, 1917, the defendant wrote the plaintiff as follows:

"I spoke to you of plowing when I was there. You said you tho't your renter would be willing to plow for $1.50 per acre. If he is tell him to go ahead and plow the same as you would want it done and I'll settle with either you or him for it. Let me know if he does go ahead."

Upon the issue of a contract between the plaintiff and the defendant for plowing the 32 acres we see no question for the jury. Dilly performed his agreement. The plaintiff did nothing. The letter did not contemplate that the defendant should pay the plaintiff for the 32 acres which Dilly plowed under his lease. There was no contract to that effect. While Dilly does not claim in his testimony that he plowed more than the 32 acres, and though he says that he got no pay at all, there is evidence to sustain a finding that he plowed 14 acres additional at the request of the plaintiff, acting for the defendant, and that the plaintiff paid for it. The verdict is sustained in the amount of $21 for the plowing of the 14 acres.

2. The appeal is from the judgment. The plaintiff urges that the question of the sufficiency of the evidence is not reviewable. In this he is mistaken. Where a motion is made for a new trial upon the ground of the insufficiency of the evidence, as in this case, and denied, the question of its sufficiency is reviewable on appeal. 1 and 2 Dunnell, Minn. Dig. §§ 388, 7073.

The judgment is reversed unless the plaintiff within ten days after the going down of the mandate consents to a reduction to

$21, with interest from the date of the verdict, with such costs and disbursements to be taxed for or against the plaintiff as are proper in a verdict of that amount on an appeal such as this from a justice's court; and upon such consent the judgment will stand affirmed in the amount stated. No statutory costs are allowed in this court.

Affirmed on condition.