STATE v. GEORGE S. MYERS AND ANOTHER.
FRANK EXSTED, APPELLANT.[1]

January 12, 1923.

No. 23,146.

**Arson—new trial because of repudiation of testimony leading to conviction.**
In a criminal prosecution for arson it is *held* that a new trial should have been granted on the ground of newly discovered evidence, and the repudiation of the testimony given by the witness upon whose evidence conviction was had.

Defendant was indicted by the grand jury of McLeod county charged with the crime of arson, tried in the district court for that county before Tifft, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, Frank Exsted appealed. Reversed.

*Donohue & Quigley, P. W. Morrison* and *F. R. Allen,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *William O. McNelly,* County Attorney, for respondent.

BROWN, C. J.

Defendants in this cause were jointly indicted by the grand jury of McLeod county, and thereby charged with the crime of arson, alleged to have been committed in that county on the seventh day of June, 1921. Defendant Myers interposed a plea of guilty and was sentenced to a term in prison. Defendant Exsted pleaded not guilty, but on trial was convicted and now waits sentence on the verdict. He appealed from an order denying a new trial.

[1] Reported in 191 N. W. 597.

It appears that defendant Exsted owns several farms near Glencoe in McLeod county, which are occupied and carried on by tenants; on one of which defendant Myers was a tenant. Exsted is unmarried and of the age of 38 years. Early in the evening of the date in question the granary and barn on the premises occupied by Myers were discovered on fire, and they were entirely consumed, together with certain grain and farm machinery. The loss was covered by insurance. The fire was thought to be incendiary in origin and the state fire marshal's office was applied to for inquiry into the matter. A representative from that office appeared on the scene who, after considerable investigation, reached the conclusion that the fire was the result of deliberate action by defendants, with the insurance on the property the objective, Myers being accused of applying the torch. Myers was arrested in September, 1921, and for want of bail confined in the McLeod county jail. Both were subsequently indicted and formally charged with the crime. Exsted protested his innocence, but Myers pleaded guilty and was sentenced to prison. Exsted was found guilty by the jury.

The principal question urged by Exsted in support of the appeal is that the evidence is insufficient to justify the verdict against him. In view of the conclusion we have reached upon that feature of the case we make no reference to other points presented and discussed in the briefs. Upon that question we conclude that there should be a new trial, for the reason, in the main, of doubts created by the record as to the truth of the evidence of Myers, upon which the state largely relied for conviction. We therefore come directly to that question.

Myers was called by the state and gave direct and positive evidence that he started the fire at the instance and suggestion of Exsted, and that he was to receive as compensation for the act $50 in money and either the title or use of 40 acres of other land owned by Exsted. His examination, both direct and cross, covered the transaction in its details, and in some important respects was corroborated to a certain extent. Yet it may be doubted whether the corroborating evidence is sufficient, standing alone, to sustain the verdict. But since the trial some new facts have developed, and Myers

now makes affidavit that the testimony given by him on the trial was false and untrue; that he did not in fact set the fire, as he testified, and that he was neither urged nor incited to do so by Exsted; that he was induced to admit his guilt and to plead guilty by the representative of the state fire marshal's office, on the statement that he, the fire marshal, was not after me but was after Exsted; and that if I would plead guilty and become a witness against Exsted I would get free. And he now swears by affidavit that the plea of guilty and subsequent testimony against Exsted were so induced and brought about. This is all denied by the fire marshal in charge of the investigation. Myers in a measure is corroborated, in the position now taken, by his wife who declares that he always protested to her his innocence in the matter. He is also to an extent further corroborated by a communication prepared by him soon after being incarcerated in jail, on official McLeod county letter paper, which the wife now produces as having been delivered to her at the jail in September, prior to the trial, which took place in November following. It was evidently written to be delivered to the trial judge, but did not reach his hands. It is as follows:

State of Minnesota,
    McLeod County,
        Glencoe, Sept. 1921.

Say Judge now let me tell you something I am a man of my word I did not set the granary afire and now I am getting my head together he had me, so I did not know what I was doing or saying, he came out where I was aworking and jumped me and he call me a lier now all I can say for the troth when I went from the barn to the house everything was all right. I went for supper and after supper I told my woman I would take what milk was left over back to the tank where I keep the milk and when I got outside of the door I heard a large noise and I look down to the granary and the east end was afire and I have got my overhols to show where I tore them on the wier and the one that came to get me hade me say so I did not no what I was saying or doing he call me a lier wright away and he disputed my woman and if you have it along we will tell you the troth from beginning to the end as fair as we no they

have got me to swar to a lie and never was a biger lie told I dont think then this one, I will tell you more when you read this.

George Myers.

The record leaves no fair doubt of the fact that the document was prepared by Myers at the time stated and delivered to his wife. In support of Exsted's motion for a new trial he makes a sworn affidavit along the same lines; made at the prison where he is now confined, insisting on his innocence and that Exsted, so far as he knows, had no part in the origin of the fire. So far as disclosed by the record no inducements from any source were held out to bring from him the letter written in jail, or the affidavit made in the prison at Stillwater; we assume both to have been voluntary on his part. Both are directly in conflict with the testimony given by him on the trial. The jury evidently gave credence to his evidence, for without' it, a conviction would have doubtful foundation in its support. In that situation of the case we think the ends of justice will be best served by a resubmission of the issue to another jury. Hill v. Jones, 109 Minn. 370, 123 N. W. 927, 18 Ann. Cas. 359; State v. Jacobson, 130 Minn. 347, 153 N. W. 845; State v. McLarne, 128 Minn. 163, 150 N. W. 787.

By this we are not to be understood as intimating an opinion that the evidence in its present form coupled with the situation as presented by the new evidence and the changed attitude of Myers would not justify a verdict of guilty. Our opinion is limited to the view that another jury should be permitted to pass upon the question from the viewpoint of the additional disclosures.

Order reversed with a new trial.

HALLAM, J. (dissenting.)
I dissent.