The order appealed from is affirmed.

---

## VICTORIA LE MIEUX v. O. L. COSGROVE.[1]

May 4, 1923.

No. 23,390.

**Sufficiency of evidence to sustain verdict not considered on appeal, when.**
   1. On appeal to this court from a judgment of the district court entered on the verdict of a jury, the sufficiency of the evidence to support the verdict will not be considered if there was no motion for a new trial and the question was not raised and passed upon in the trial court.

[1]Reported in 193 N. W. 586.

**When nonpayment of mortgage registry tax is not a defense to vendee's action.**

2. The nonpayment of the mortgage registry tax upon an executory contract for the sale of land is not a defense to an action by the vendee to recover payments made to the vendor where the right to recover is founded on a rescission of the contract by mutual consent and its surrender in consideration of the vendor's promise to refund the money paid.

**Evidence admissible.**

3. Proof that defendant had stated to a third person that he was to refund the money to plaintiff was properly received.

Action in the district court for Rice county to recover $2,200. The case was tried before Childress, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict for the amount demanded. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Lucius A. Smith* and *E. H. Gipson,* for appellant.

*Thomas H. Quinn* and *Ray Moonan,* for respondent.

LEES, C.

This is an action to recover $2,200, paid by plaintiff to defendant on a contract with him for the purchase of real property in the city of Faribault. The contract was executed May 27, 1921. There was a down-payment of $1,000 and additional payments aggregating $1,200. On and after July 1, 1921, plaintiff was in arrears in her payments to the extent of $2,800. Prior to the making of the contract, defendant had leased a portion of the property to plaintiff. The term of the lease expired August 1, 1921. The complaint alleged that defendant desired to make a resale of the property, and, in order to be free to do so, sought to obtain the surrender of the contract and offered to refund the money plaintiff had paid thereon if she would deliver it and the lease to him; that she did so, but nevertheless he had failed to repay her. The answer denied the alleged promise to refund; alleged that there had been an offer to repay $2,100 if plaintiff would cancel the contract; a refusal on

her part to accept the offer, and a subsequent agreement for the surrender of the contract in consideration of the execution of a new lease to plaintiff by the person to whom the property was sold, the term to be 5 months from and after August 1; that such lease was secured by defendant at plaintiff's request; and that in securing it he performed the only condition she made for the surrender of the contract. These allegations were put in issue by the reply. There was a trial by jury, resulting in a verdict in plaintiff's favor for the full amount claimed, and defendant has appealed from the judgment entered thereon.

1. The evidence showed that on August 6, 1921, defendant made a sale of the property to William Mentz; that defendant apprehended that plaintiff might assert rights in the property under the contract, or possibly under the lease she then held; that he negotiated with her for the surrender of both instruments, and both were delivered to him. Plaintiff testified that the condition upon which she agreed to give them up was that the money she had paid on the contract should be refunded, and that she obtained defendant's promise to refund before she gave up the contract. Defendant denied this and testified that all she asked for was a new lease of the rooms she occupied, to run to January 1, 1922, the rent to be the same as under the old lease, and that he got such a lease for her from Mentz. The conflicting testimony on this feature of the case presented the only question of fact, and the jury determined it in plaintiff's favor.

Defendant did not move for a dismissal when plaintiff rested nor for a directed verdict at the close of the case. Neither did he ever move for a new trial. Nevertheless his first assignment of error is that the verdict and judgment entered thereon were not justified by the evidence. As already stated, the evidence bearing on the vital issue in the case was conflicting. If there had been a motion for a new trial for insufficiency of evidence to support the verdict, the trial court would have been justified in denying it. But that is not the question here. This court has repeatedly held that the sufficiency of the evidence to support the verdict will not be considered on an appeal from the judgment if there was no motion for

a new trial in the court below. 2 Dunnell, Minn. Dig. § 7073. The rule is otherwise where there was a motion for a directed verdict, Hefferen v. Northern Pac. R. Co. 45 Minn. 471, 48 N. W. 1, 526; or if the appeal is from a judgment after a trial by the court without a jury, Cinn. Time Recorder Co. v. Loe, 152 Minn. 374, 188 N. W. 1011; or from a judgment entered after the denial of a motion for a new trial, no appeal having been taken from the order denying the motion, Reynolds v. Bondhus, 153 Minn. 239, 190 N. W. 55. The rule is a salutary one. The reasons, for it are well stated in Dunnell, Minn. Pr. 1075, quoted with approval in Farmer v. Stillwater Water Co. 99 Minn. 119, 108 N. W. 824:

"The trial court * * * hears all the evidence, * * * observes the general appearance of the witnesses and their demeanor on the stand, * * * is able to judge the intelligence of the jury, knows of any circumstances of the trial calculated to influence the jury improperly, knows the things that were not done in the course of the trial, as well as the things that were done, and is conscious of what has been happily described as the atmosphere of the trial. All of this knowledge and experience properly influences the trial court in passing on a motion for a new trial, but only a small part of it is susceptible of being incorporated in the record on appeal. The knowledge of the appellate court is derived solely from this record, and is therefore very imperfect."

2. On the strength of section 2307, G. S. 1913, defendant contends that as a matter of law plaintiff was not entitled to recover because it is conceded that no mortgage registry tax was paid by either of the parties to the contract. The assertion is made that plaintiff's right of action is predicated on the contract, which was invalid from the beginning because the tax was not paid. We cannot agree with counsel as to this. Plaintiff's claim to the money is not founded on the contract at all. The basis of her claim is that the contract was rescinded by mutual consent, she relinquishing such rights in the property as she may have had under it, in consideration of defendant's promise to refund. She says she carried out her part of the agreement while defendant repudiated his part

of it. If this is true, she is entitled to recover, and the failure to pay the mortgage registry tax is of no consequence, for neither party is asserting rights under the sale contract. The right of action here asserted is founded on a rescission of the contract. It is well settled that the parties to a bilateral contract may agree to rescind it. The agreement to rescind need not be in writing nor need it be express. It may be inferred from the circumstances. All that is required is the mutual consent of the parties and a sufficient consideration. If the contract has been partly performed, the parties may agree to forego further performance and let past matters stand where they are, or they may agree to restore the original status by returning payments already made. The general rule is that there is no obligation to restore the original status in the absence of an agreement to that effect, the rule being limited strictly to cases where the rescission or discharge of the contract was brought about by mutual consent of the parties. Williston, Contracts, §§ 1826, 1827; 6 R. C. L. pp. 921-923; 13 C. J. pp. 600, 601.

3. Defendant contends that it appeared from her own admissions that plaintiff had abandoned the contract and lost all her rights under it before the instrument itself was delivered to defendant, and hence there was no consideration for his alleged promise to refund. Whether this was so was a question of fact to be determined from a consideration of the evidence as to the conversations between the parties and their acts subsequent to July 1, 1921, and, for the reasons already stated, that question cannot be considered for the first time on this appeal.

4. Mr. Mentz was permitted, over defendant's objection, to relate a conversation he had with the defendant about the return of the money to plaintiff. It tended to show an admission by defendant that he was to give back to plaintiff the money she had paid on the contract, and hence it was properly received in evidence.

Judgment affirmed.