## STATE v. EDWARD WHEAT.[1]

March 5, 1926.

No. 25,068.

**Motion for new trial in this case within discretion of trial court.**
Defendant was convicted of carnal knowledge. On the trial the
girl testified as to defendant's guilt. Subsequently she made affidavit
that her testimony was false. Later she repudiated the contents of
the affidavit. Subsequently she excused, in part, the last repudiation.
*Held* a motion for a new trial, based on newly discovered evidence be-
cause of the contents of the affidavit, upon the record in this case,
rests in the discretion of the trial court.

Criminal Law, 16 C. J. pp. 1182 n. 88, 90; 1189 n. 66, 70; 17 C. J.
p. 252 n. 17.

Defendant appealed from an order, Giddings, J., denying his mo-
tion for a new trial after conviction in the district court for Anoka
county, of the offense of carnal knowledge of a female child under
the age of 18. Affirmed.

*A. M. Cary* and *Nathan Rivkin,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy
Attorney General, and *Will A. Blanchard,* County Attorney, for
respondent.

WILSON, C. J.

Defendant appealed from an order denying his motion for a new
trial. He was convicted of carnally knowing one Mildred Morrow
under 18 years old. Upon the trial she testified unequivocally to
the commission of the offense. There were other evidence and cir-
cumstances in corroboration of her positive accusation. The of-
fense was charged as of April 15, 1924. Defendant was tried in
October, 1924. A motion for a new trial upon the ground of newly
discovered evidence was made in May and denied in July, 1925.

The newly discovered evidence is shown by an affidavit of Mildred

[1]Reported in 207 N. W. 623.

Morrow, now Buckholz, dated May 5, 1925, that her testimony given on the trial, as above indicated, was false. There is also an affidavit of one Loren Mudge in which he says that she told him in January, 1924, before defendant was accused, that defendant had not had sexual intercourse with her.

On May 7, 1925, in the presence of the county attorney and sheriff of Anoka county Mrs. Buckholz denied making the statements contained in the affidavit apparently signed by her and reaffirmed that her testimony on the trial was true. She also insisted that she had told defendant's parents and others interested in getting the affidavit that her testimony on the trial was true. The state contends that her oral and written statements which tend to exonerate defendant were the result of pressure and persuasion from stronger minds.

On May 8, 1925, one Minnie R. Beatty and defendant's parents called on Mrs. Buckholz and she then offered excuses for her contradictory statements to the county attorney.

The rule is now thoroughly established by this court that the matter of granting new trials on newly discovered evidence rests largely in the discretion of the trial court. Dun. Dig. § 7123. Such discretion must be exercised cautiously and sparingly in the furtherance of justice. It is not necessary for us to inquire whether, upon the record, a new trial might have been properly granted. The question before us is whether the refusal of it involved the violation of a clear legal right or an abuse of judicial discretion.

A somewhat similar situation was presented in State v. Myers, 154 Minn. 242, 191 N. W. 597. But in that case the matter of corroboration, while more important than in a case of this character, was not as strong as in this case. In that case the witness was also corroborated by documentary evidence in his denial of his own testimony, while in this case the denial is not only uncorroborated but is fairly repudiated by the witness. In that case the record disclosed no inducements from any source. In fact the acknowledgment of having added perjury to his sins was apparently voluntary. In this case the record would permit an inference of pressure, persuasion or influence.

The defendant had a fair trial. The trial court was familiar with that record and he saw and heard the witnesses. He knew the atmosphere of the trial. LeMieux v. Cosgrove, 155 Minn. 353, 193 N. W. 586. He was in the best position to decide whether an injustice had been done. He was peculiarly well qualified to decide whether the girl's testimony on the trial was true or false and also whether the subsequent repudiation of her sworn testimony was the truth disclosed by a stricken conscience in the cause of justice or otherwise. There is nothing to indicate an abuse of discretion.

Affirmed.