## STATE v. ANTON SKOGMAN.[1]

### April 22, 1927.

### No. 25,895.

**Trial—Charge to jury—New trial.**

*Held*: (1) Grant of new trial because of new evidence after conviction of defendant for selling intoxicating liquor rests largely in sound discretion of trial judge.

(2) Amendment of proposed settled case to make it correspond with the facts which occurred at the trial was proper.

(3) Instruction to jury that admission of defendant's previous conviction of crime was properly received for its bearing on his credibility as a witness. [Reporter.]

Criminal Law, 16 C. J. p. 855 n. 14; p. 1182 n. 88; p. 1205 n. 86; 17 C. J. p. 145 n. 46; p. 252 n. 17; p. 263 n. 79.

Witnesses, 40 Cyc. p. 2607 n. 61; p. 2622 n. 60.

Defendant appealed from an order of the district court for Kanabec county, Stolberg, J., denying his motion for a new trial. Affirmed.

*Francis Muekel,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, for the state.

PER CURIAM.

Appellant was convicted by the verdict of a jury of unlawfully selling intoxicating liquor to a minor on December 19, 1925, and sentenced to confinement in the county jail for the period of four months and to pay a fine of $150. He appeals from an order denying his motion for a new trial upon the ground of newly discovered evidence and certain instructions given by the court.

The motion for a new trial was submitted to the trial court upon the files, a transcript of the evidence and certain affidavits. The trial judge heard all of the evidence, observed the general appearance of the witnesses and their demeanor while testifying, and was better qualified to judge of its effect upon the jury than we can possibly be, all of which was properly considered in passing upon the motion for a new trial. This phase of the

[1]Reported in 213 N. W. 923.

case is controlled by the opinion in Farmer v. Stillwater Water Co. 99 Minn. 119, 121, 108 N. W. 824; Le Mieux v. Cosgrove, 155 Minn. 353, 193 N. W. 586.

The contention that the affidavits concerning newly discovered evidence, as a basis for a new trial, were sufficient to impeach the testimony given by the witnesses for the prosecution, cannot in our opinion be sustained. An extended discussion of such affidavits would serve no good purpose. They come clearly within the opinion in the case of State v. Wheat, 166 Minn. 300, 207 N. W. 623. That matter rests largely in the sound legal discretion of the trial court.

The trial court properly amended the proposed settled case by making it comply with the facts as they occurred upon the trial. The following question and answer were inserted in the settled case by the trial judge: "Q. Mr. Lewis, were you ever convicted of crime? A. Yes, sir." The court instructed the jury as follows:

"I believe there was also an admission on the part of one of the defendant's witnesses, namely, Lewis, that he had previously been convicted of crime. That evidence was received merely for the purpose of bearing on his credibility as a witness in this case."

The instruction was clearly right.
Affirmed.