### HEYER v. MINNESOTA WESTERN OIL CO.*
(No. 1328; June 11, 1927; 256 P. 662.)

CONTRACTS—RIGHT TO RESCIND—ABROGATION OF PREVIOUS CONTRACT —ASSIGNMENT OF CLAIM.

1.  Where plaintiff assigned his claim against defendant corporation for merchandise sold and delivered to trustee for certain stockholders for an amount less than amount of debt, $500 being received on execution of agreement, balance to be paid in installments, and agreed to make a stock subscription in new corporation to be organized to take over defendant corporation's property, *held* that, on refusal by trustee and those he represented to perform assignment contract, plaintiff was entitled to rescind.

2.  Contract between creditor of corporation and its president and stockholders, by which creditor's previous assignment of his claim to trustee for certain stockholders was canceled and creditor agreed to accept 65 per cent. of his claim in cash, less payment already received under assignment contract, *held* inconsistent with, and abrogated, assignment contract, and stood in place of such contract.

*See Headnotes:   (1, 2) 13 CJ p. 603 n. 65; p. 615 n. 86.

APPEAL from District Court, Fremont County; CYRUS O. BROWN, Judge.

Action by A. O. Heyer against the Minnesota Western Oil Company. Judgment for plaintiff, and defendant appeals.

*A. C. Allen,* for appellant.

After assignment, the assignor's control over a chose in action ceases; 5 C. J. 959. The assignee acquires, as against the debtor, all of the rights of the assignor; 5 C. J. 962. An assignment becomes irrevocable when the rights of the parties are fixed thereunder; 5 C. J. 938-942. There is no evidence of a cancellation of the assignment; the court will not attempt to cancel a written instrument conveying title to real estate; Elliott on Contracts, Vol. 3, Sec. 2446. A rescission, by mutual consent, must be clearly established; Elliott on Contracts, Vol. 4, Sec. 3680. Rescission, on the ground of fraud, must be established by the clearest evidence; Elliott on Contracts, Vol. 3, Sec. 2459. A complaint for cancellation should tender repayment; Elliott, Vol. 3, Sec. 2451. An assignee must be protected in his rights; 2 R. C. L. 633. A complete defense was established and the suit should have been dismissed; 5 C. J. 1012. The assignor was liable to the assignee for damages resulting from interference; 5 C. J. 968, 977. An assignment, such as was set up in this case, is binding upon the parties and debtors who have notice thereof; Barlow v. Lande, 147 P. 231; Howard v. Holland Public Schools, 50 Mich. 94.

*O. N. Gibson,* for respondent.

There is but one question in the case, and that is the sufficiency of the evidence to support the judgment; there never was an absolute assignment of the whole interest of the assignor; an agreement to assign is not an assignment, and transfers no title; 5 C. J. 840, 899. The parties to an executory contract may rescind it by mutual consent; 13 C. J. 600, 601, 603, 612, 615; Hanover Canal Co. v. Wilson, 22 Wyo. 427. Non-joinder of parties is no ground for reversal, where it results in no prejudice to appellant; 4 C. J. 925.

Before POTTER, Justice, ILSLEY and RINER, District Judges.

RINER, District Judge.

This is an appeal from a judgment awarded A. O. Heyer, plaintiff and respondent, hereinafter referred to as the "plaintiff," by the District Court of Fremont County against the Minnesota Western Oil Company, defendant and appellant, hereinafter mentioned as the defendant.

The petition, after alleging the corporate existence of the defendant, under the laws of Minnesota, and that its principal place of business was in Fremont County, Wyoming, sets out a cause of action upon an account for merchandise sold and delivered defendant, its officers and agents, at their request, in the sum of $3361.77. The itemized statement attached to the petition shows a total claimed indebtedness of $4761.77 and total credits thereon of $1400.00, the last credit item being for $500.00 and paid pursuant to an agreement to assign said claim to be mentioned later herein. For answer the defendant admits its corporate existence and place of business as alleged in the petition, and denies that it is indebted to plaintiff in any sum; it also alleges that on February 23, 1923 plaintiff made a written agreement to assign to one V. H. Van-Slyke of Minneapolis, Minnesota, all his said claim against the defendant, copy of such agreement being made a part of the answer; that this contract has never been rescinded by plaintiff; and that defendant received notice of this assignment and consented thereto and is obligated to pay V. H. VanSlyke the amount of the claim described in plaintiff's petition. The reply admits the execution of the contract to assign pleaded in the answer, and sets out that the said VanSlyke acted in that matter solely as the agent and representative of defendant and its stockholders, and the cash payments required to be made by him to plaintiff were to be provided by defendant and its stockhold-

ers; that the agreement was never carried out, and was abandoned; that the agreement was without consideration, being in effect one by plaintiff to accept from defendant less than the amount due on his claim; that he never received anything whatever in consideration of said agreement except the sum of $500.00 furnished by defendant or its stockholders and which was credited upon the account sued upon, of which account plaintiff is the owner.

Trial was had to the court without a jury. The only testimony offered in the case was that of the plaintiff. The defendant introduced no testimony whatever, and offered in evidence only the written agreement to assign already mentioned, it being received without objection. Judgment was in favor of the plaintiff for the amount claimed in his petition as above recited.

There is no dispute as to the amount or validity of plaintiff's claim. The assignment agreement with the plaintiff, on which defendant relied, recites that V. H. VanSlyke represented as trustee certain stockholders of the defendant for the purpose of receiving from them funds to take up claims against the defendant pursuant to a printed stock subscription agreement form which was attached to and made a part of said contract to assign; that plaintiff was the owner of a claim against the defendant for the sum of $3861.77; that plaintiff agreed to sell said claim to VanSlyke and the latter agreed to buy same for $2161.70, said sum to be paid in installments on or before May 15, 1923, $500.00 to be paid upon the execution of the agreement, plaintiff also agreeing immediately to make a $1700.00 stock subscription under the agreement form already mentioned, "which subscription shall be subject to all the terms and conditions thereof;" that upon receiving the $500.00 payment and making the $1700.00 stock subscription plaintiff should execute an assignment of $2200.00 of the claim held by him to Van-

Slyke and assign the balance when the rest of the cash agreed to be paid was turned over.

The printed stock subscription form contemplated the organization of a new company to be known as the Interior Oil Company which would acquire the property of defendant; that the stockholders of defendant should pay over to VanSlyke as trustee sums of money to be used by the latter in taking up the defendant's indebtedness; that the surrender of obligations of the defendant should also be received by VanSlyke in lieu of cash, and stock in the proposed corporation should be issued in amounts proportionate to the several sums advanced or obligations surrendered. It was also provided in this agreement that if the Interior Oil Company received no license from the State Securities Commision to sell its stock then ''the said claims against the said Minnesota Western Oil Company purchased as aforesaid shall be assigned to the subscribers hereto and any money received in excess thereof shall be returned to the subscribers.''

Plaintiff received $500.00 cash upon his signing the assignment contract, and thereafter executed the printed stock subscription form for $1700.00; he also executed a completed assignment to V. H. VanSlyke, trustee, of $2200.00 of his claim against defendant.

On appellant's behalf it is contended that the assignment is binding upon plaintiff and that it has never been rescinded by the latter, he never having returned the $500.00 he received.

But it appears from the record that no stock of the Interior Oil Company was ever tendered plaintiff and no further payments made to him other than the $500.00. The record also shows by the undisputed testimony of plaintiff that VanSlyke was acting merely for defendant's stockholders; that VanSlyke when questioned by plaintiff as to why the agreement was not kept said that he had nothing to do with the matter, referred plaintiff to one Erickson, president of the defendant, as the pro-

moter of the arrangement, and also remarked that Erickson "was his spokesman and what he did was all right;" that plaintiff then saw Erickson and the latter stated they "couldn't raise this money and fulfill this agreement." It also appears by the plaintiff's undisputed testimony that after weeks of negotiation with Erickson and other stockholders of defendant a new agreement was entered into by the terms of which the VanSlyke agreement and assignment was cancelled and plaintiff was to accept 65 per cent of his claim in cash less the $500.00 already received, and also was to receive an additional 17½ per cent contingent upon the discovery of oil or gas in commercial quantities in a certain well then being drilled. This second agreement was itself never subsequently carried out by the Erickson people, though plaintiff gave the defendant credit for the $500.00 payment on his claim.

It is apparent that there was an undoubted abandonment of the VanSlyke contract and a refusal by him and those he represented to further proceed with it. This gave plaintiff the right to rescind. 13 C. J. 615, Note 86, and cases cited. But it is also clear that a new agreement was entered into between the real parties in interest which was wholly inconsistent with the prior contract. This abrogated the first contract and stood in its stead. See LeMieux v. Cosgrove, 155 Minn. 353, 193 N. W. 586; Wangsness v. Stephenson, 44 S. D. 536, 184 N. W. 362; Smith-Wogan etc. Co. v. Moon etc. Co., 26 Okla. 161, 108 Pac. 1103; Levin v. Hunt, 70 Okla. 63, 172 Pac. 940; American etc. Co. v. Simon, (C. C. A.) 140 Fed. 529 at 536; Monte Vista etc. Co. v. Bemis etc. Co., (C. C. A.) 294 Fed. 8. Defendant received the benefit of the $500.00 paid plaintiff. It is in no position to complain in that regard. Obviously it could not be sued upon the assignment executed by plaintiff as by agreement of all parties concerned that was cancelled. It is conceded that defendant owes the debt and that it remains unpaid.

The judgment of the trial court upon the record is fully upheld and should be affirmed.

*Affirmed.*

POTTER, Justice, and ILSLEY, District Judge, concur.