## STATE v. JOHN QUINN.[1]

June 15, 1934.

No. 29,965.

See 186 Minn. 242, 243 N. W. 70.

*Edmund Burke,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *Michael F. Kinkead,* County Attorney, *James Lynch,* Assistant County Attorney, and *Dwight N. Johnson,* for the state.

*STONE, Justice.*

Convicted of murder in the second degree, defendant appealed from the judgment, which was affirmed here. State v. Quinn, 186

[1] Reported in 255 N. W. 488.

Minn. 242, 243 N. W. 70. Later he moved for a new trial on the ground of newly discovered evidence, the latter consisting of statements made by one Harry L. Kremer contradictory of his testimony at the trial as a witness for the state. The facts will not be gone into again except to repeat that defendant admitted the fatal shooting of one Ventress, which he claimed was justified as self-defense. Kremer's testimony was important but by no means all the evidence to support the verdict of guilty. Kremer's more recent sworn declarations, upon which the motion for a new trial is based, are to the effect that he was intoxicated at the time and that much of his important testimony was false.

The order denying the motion is accompanied by a memorandum which makes careful analysis, in fact and law, of the whole situation. It demonstrates the exercise of sound discretion. There can be no reversal unless abuse of discretion appears. State v. Nelson, 91 Minn. 143, 97 N. W. 652; State v. Wheat, 166 Minn. 300, 207 N. W. 623; 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7131. It is aptly observed, concerning the "principal ground of the motion" (the alleged intoxication of Kremer at the time of the murder and his consequent alleged ignorance of the "facts to which he testified") that, on the evening in question, "he was operating his place of business, playing cards, and drove his car downtown, drove it around downtown looking for Quinn, and back to his place of business and later to Minneapolis and back. If he was intoxicated, is there any reason to believe that his memory is better now than it was before or at the trial?"

State v. Klashtorni, 181 Minn. 203, 232 N. W. 111, 787, was a much stronger case for a new trial because of new evidence than is this. But we affirmed the order denying the motion. The forceful dissent was put in the main upon an unusually strong alibi. So the argument of the two dissenting justices is of no aid to defendant. The facts in State v. Myers, 154 Minn. 242, 191 N. W. 597, were for the defense vastly stronger than any here. The conviction of one defendant had been wholly upon the testimony of another, who promptly repudiated it in convincing fashion. In addition, there was the evidence of his wife that all along he had maintained

the innocence not only of himself but also of his codefendant. Nothing of that kind is present now, for Kremer has taken an inexcusably long time to find out just how drunk he was on the evening that Ventress came to his death at the hands of defendant and just how much of his testimony was in consequence false. As far as the motion presents an issue as to the credibility of Kremer's statements, the decision below is binding upon us under such decisions as State v. Upson, 162 Minn. 9, 201 N. W. 913.

Order affirmed.